[No. 7,815.—Department One.]
Aug. 25, 1882.

## CHARLES A. STRONG *v.* SACRAMENTO AND PLACERVILLE RAILROAD CO.

CONTRIBUTORY NEGLIGENCE—RAILROAD.—Action for damages for injuries alleged to have been caused by the negligence of defendant's servants. The plaintiff was driving his wagon at a slow trot towards the railroad crossing upon a street which was crossed by the defendant's track; and upon approaching the track his horses were frightened by the passage of the locomotive and ran away, throwing the plaintiff from the wagon and seriously injuring him.   It appeared from the evidence of the plaintiff that the street was built up on each side, and lined with piles of lumber in such a manner that a train upon the track could not be seen until the plaintiff approached very near to it; and also that the engine bell was not rung as required by Section 486, Civil Code.

*Held:* The evidence did not show such contributory negligence as to justify a nonsuit, or a reversal of the order denying a new trial.

ID.—ID.—The rule is not that any degree of negligence, however slight, which directly concurs in producing the injury will prevent a recovery; but that, if the negligence of the plaintiff, amounting to the absence of ordinary care, shall contribute proximately in any degree to the injury, the plaintiff shall not recover.

ID.—ID.—CASE DISTINGUISHED.—Had the plaintiff been where the track was ordinarily visible, but some transitory obstacle impeded his vision—as the clouds of dust, in *Fleming's Case* (49 Cal. 253)—it might have been his duty to wait until the obstacle was removed.   But here plaintiff's view was cut off by permanent erections; and whether he was properly cautious after he reached a place from which he could see the track was a question of fact as to which the Court can not say the jury found wrongly.

Id.—Id.—It was argued that the jury disobeyed the following instruction: "If M. street was obstructed by lumber on the sides thereof at the point where it united with Front street, and plaintiff drove through M. street nearly on to defendant's railroad track on a trot, and was driving at a trot when his horses were frightened, and was seated on or within eight inches of the bottom of the wagon, so that he could not see over the rumps of his horses, and could have heard the approach of a locomotive or train if he had been driving at a walk, then he was guilty of contributory negligence, and cannot recover."

*Held:* The verdict does not prove this, because the jury may have found that plaintiff could not have heard the approach of the locomotive.

Id.—Id.—Instruction.—The Court refused the following instruction (taken from Shearman and Redfield on Neg., § 481: "The rights of a traveler on a street or highway at a point where it is crossed by a railroad are subordinate to those of the railroad company so far as to require the traveler to give way to any train which is in sight or hearing."

*Held:* Separated from the context the instruction might have misled the jury, and the Court below was therefore justified in refusing it.

Id.—Id.—Id.—Case Distinguished.—The following instructions asked by defendant, held to have been properly refused: "If plaintiff's horses were frightened by the mere ordinary appearance of defendant's locomotive or train, or by the ordinary noise of its passage, and his injury caused thereby, he cannot recover." "A person cannot recover against a railroad company for injury caused by the mere frightening of his horse, unless the locomotive or some part of the train actually comes into contact with the horses or vehicle." (*Peru & Ind. R. R. Co.* v. *Hasket,* 10 Ind. 409, distinguished.)

Appeal from a judgment for the plaintiff, and from an order refusing a new trial in the Superior Court of Sacramento County. Denson, J.

The instructions referred to in the opinion are inserted in the syllabus. A petition for hearing in bank was filed in this case after judgment, and denied.

*T. B. McFarland,* for Appellant.

*George Cadwalader, P. J. Hopper,* and *R. T. Devlin,* for Respondent.

McKinstry, J.:

There was certainly a very substantial conflict in the evidence with reference to negligence on the part of the defendant, and the court below denied a motion for a new trial.

The question whether plaintiff was so plainly guilty of contributory negligence as that the Court below should have

granted a nonsuit, or new trial, is to be determined—as such questions must always be determined—by the particular circumstances of the case.   Plaintiff had a right to drive upon "M" street, and to cross the track at the foot of that street, provided he adopted every reasonable precaution against injury from moving trains.   There was evidence that "M" street was built up on each side, and lined with piles of lumber, in such a manner as that a train upon the mill track could not be *seen* until plaintiff approached very near to the track.   What should he have done to avoid the imputation of negligence ?   The engine bell was not rung as required by Section 486 of the Civil Code.   This must be assumed in this Court because there was testimony to that effect.   Nor can it be presumed, as against the verdict, that the noise of plaintiff's wagon, as his horses were proceeding upon " a slow trot," would have prevented his hearing the bell, had the bell been rung.   Plaintiff had a right to rely upon the performance by those on the locomotive of every act imposed by law upon them when approaching a crossing.   In the legal sense, he was innocent of negligence, unless there was a want of ordinary care and prudence on his part.   The rule is, not that any degree of negligence, however slight, which directly concurs in producing the injury will prevent a recovery; but, if the negligence of the plaintiff, amounting to the absence of ordinary care, shall contribute proximately, in any degree, to the injury, the plaintiff shall not recover.   (*Robinson* v. *W. P. R. R. Co.*, 48 Cal. 423.)

A very timid or cautious person would not, perhaps, have driven in the direction of the railroad, knowing that a train *might* pass along the track, and that the warning bell might not be sounded.   But the question is: Did the plaintiff exercise ordinary care and prudence in doing what he did ?   The degree of caution required is relative to the risk ; but no person is bound to assume that another will abandon any reasonable precaution, or violate the obligation imposed upon him by the laws of the land.   Plaintiff was authorized to assume that all other persons using the street would do so with due care.   It can not be imputed as negligence that he did not anticipate culpable negligence on the part of the employees of defendant.   (Shear. & Red. on Neg., § 31.)   He had

a right to assume, until he reached a point where he could look up and down the track, that no train was approaching the crossing, because there was no sound of an engine-bell. He would have had no right to close his eyes, had he been in a position to see the track, but, as already stated, the evidence shows that he could not look up and down the track, because of the intervening buildings and lumber, until he reached a point very it. Had he been where the track was ordinarily visible, but some transitory obstacle impeded his vision—as the clouds of dust in *Fleming's Case,* 49 Cal. 253—it might have been his duty to wait until the obstacle was removed. But here plaintiff's view was cut off by permanent erections; he certainly had the right to use the street. We can not say that it was his duty to stop, fasten his team at some point considerably distant from the track, and from thence make a *reconnoissance* of the situation *afoot.* Whether plaintiff was properly cautious after he reached a place from which he could see the track was a question of fact as to which we can not say the jury found wrongly.

Of course our conclusion assumes the fact to have been as testified to by plaintiff and his witnesses, since the only point, to be considered here, is whether the question of contributory negligence should have been taken away from the jury or a new trial granted.

Appellant argues that the jury disobeyed the eleventh instruction given at the request of defendant's counsel. The verdict does not prove this, because the jury may have found that plaintiff could not have heard the approach of a locomotive or train had his horses been walking.

The general statement in the fifth instruction asked for by defendant's counsel is taken from Shear. & Red. on Neg. (Sec. 481). Separated from the context, however, it might have misled the jury, and the Court below was justified in refusing it. As offered, it might have been applied to the question of negligence on the part of *defendant.* If there is imminent danger of collision, which might be avoided by stopping or slowing a train, the engineer can not justify himself in driving his engine upon a wagon and horses, under the plea that the driver should have kept out of the way. The case shows no *contest* for the right of way. The jury had been told in effect

that if plaintiff could have heard the locomotive in time to avoid the consequences which followed, he was guilty of contributory negligence. This charge was more strongly in favor of defendant than if they had been told that he should give way to the locomotive after he saw or heard it.

The sixth instruction asked by defendant was to the effect that plaintiff could not recover if his horses were frightened by the appearance of the locomotive, or the ordinary sound of its passage. The instruction ignores the other circumstances of the case. We can not say that the plaintiff ought not to have recovered, if, by reason of the carelessness of the engine-driver and without any want of prudent care on his own part, he found himself in such close proximity to the locomotive as that his team, composed of horses ordinarily well broken, and of ordinary gentleness, were startled, frightened and ran. All the circumstances were to be considered by the jury. The seventh instruction goes to the extent of declaring that plaintiff ought not to recover unless the locomotive, or some part of the train, came into actual contact with the horses or vehicle. This proposition can not be successsully maintained.

*Hasket* v. *Peru & Indianapolis R. R. Co.*, 10 Ind. 409, cited by appellant, was a case in which it was held, that, under a *statute*, which provided for the recovery of the value of any animal killed or injured " by the cars, or locomotive, or other carriages" used as a railroad, no recovery could be had unless the animal was struck by a car, locomotive, or carriage; the Court saying, the words of the *statute*, in their ordinary import, involved an actual collision. In *Burton* v. *R. R. Co.*, 4 Harr. 252, also cited by appellant, it was only said that plaintiff could not recover unless defendant was guilty of negligence. The *head-note* should be read in connection with the statement of facts and opinion. In the case before us the evidence certainly *tended* to prove that the injury was the direct result of the omission to ring the bell as required by the statute.

We can see no contradiction between instruction seven, given at the request of plaintiff, and instruction seven, given at the request of defendant. Nor is there any substantial contradiction between No. seven, given for plaintiff, and No. eleven given for defendant.

The Court did not err in overruling the demurrer to the amended complaint.

Judgment and order affirmed.

MYRICK, J., concurred.

McKEE, J., concurred in the judgment.