## TOBIN v. OMNIBUS CABLE COMPANY.

### No. 15,162; August 31, 1893.

#### 34 Pac. 124.

**Street Railway—Premature Starting of Car.**—In an action against a cable-car company for injuries received in alighting from a car alleged to have been prematurely started, after instructing the jury that common carriers of passengers must use such vigilance and foresight as they can, under the circumstances, in view of the character and mode of conveyance adopted, to prevent accidents, it was not improper to instruct that "it was the defendant's business to know, before starting up the car, whether passengers getting off or

on the car were in a position to be injured, and it would be negligence to start the car suddenly, under such circumstances, without exercising every precaution for the safety of those who might be getting off or on."

**Negligence.—One is Guilty of Contributory Negligence** if he is guilty of want of ordinary care, and the want of extraordinary care merely is no defense.

**Negligence—Concurring Negligence as Defense.**—Negligence on plaintiff's part, amounting to absence of ordinary care, which, concurrently with the negligence of defendant, proximately contributes to the injury, is a good defense, whether or not defendant, with ordinary or extraordinary care, could have guarded against it.[1]

**Street Railway—Injury to Passenger Alighting.**—In an action against a street-car company for personal injuries, plaintiff claimed, and the evidence tended to prove, that a car was started while she was alighting therefrom, while defendant claimed, and gave evidence to show, that the car was started before plaintiff left her seat, and that she tried to get off while the car was in motion. Held, that an instruction making the defense of contributory negligence dependent on whether defendant could have guarded against such negligence was rendered harmless by subsequent instructions that the verdict must be for the defendant if the injuries were caused either solely by plaintiff's negligence, or, jointly and concurrently, by the negligence of plaintiff and defendant or its servants, and that if plaintiff, knowing the car was in motion, chose to run her chances, and get off by stepping directly out from the car, she must abide the risks she took.

APPEAL from Superior Court, City and County of San Francisco; A. A. Sanderson, Judge.

Action by Mary Tobin against the Omnibus Cable Company. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

C. H. Wilson for appellant; Henley & Swift for respondent.

VANCLIEF, C.—The defendant is an incorporated cable railway company, operating on Post street and certain other streets in the city of San Francisco. The plaintiff was a passenger on one of defendant's cars, and, while attempting to

---

[1] **Cited** in the note in Ann. Cas. 1912-B, 890 on concurrent negligence of plaintiff as defeating recovery under doctrine of last clear chance.

alight from the car at the junction of Post and Kearny streets, was thrown upon the pavement by the movement of the car and personally injured. This action was brought to recover $30,000 damages for the injury, which, it is alleged, resulted solely from the negligence of the defendant. A trial by jury resulted in a verdict for plaintiff, assessing the damages at $10,000. On defendant's motion for a new trial the court ordered that if, within ten days, the plaintiff remit $3,000 from the damages assessed by the jury, the motion for new trial "will be denied, otherwise it will be granted." The plaintiff accordingly remitted $3,000 and a new trial was denied, and judgment entered for $7,000. The defendant appeals from the judgment, and from the order denying a new trial.

1. Counsel for appellant contends that the evidence is insufficient to justify a verdict of negligence on the part of the defendant, and, if it is, that it shows contributory negligence of the plaintiff. As to each of these issues, there is a substantial conflict of evidence, and therefore the verdict should not be disturbed on either of these grounds. Whether there was negligence of defendant, or contributory negligence of the plaintiff, ultimately depends upon whether the car was started while plaintiff was in the act of getting off, under such circumstances that, with due care for her safety, the gripman could and would have discovered that she was in the act of alighting before he started the car, by the movement of which, it is admitted, she was thrown down and injured. The plaintiff was seated on the left-hand side of the open section of the car (the dummy), in the middle compartment of that seat; there being three compartments, each sufficient to seat two passengers. She occupied the rear of the apartment, so that her right side adjoined the middle of the seat. The gripman stood at or near the center of the dummy while gripping the cable, and as near to the plaintiff's seat as to any other seat on the dummy. The plaintiff testified: "I was alongside of the gripman. My right shoulder was right together with his arm"—and this was not disputed. The gripman, Mr. Huntly, testified: "I do not pay any attention to the passengers upon the inside of the car. The conductor looks after them. It is my duty to look after the passengers that are on the open section, with reference to their getting on or off."

There are two steps below the seat, and plaintiff's feet, while sitting, rested on the upper step, so that in getting off she must have descended two steps. The evidence on the part of plaintiff tends to prove that she was making the second step, having one foot on or near the ground, the other upon the lower step, and holding to the stanchion with her left hand, when the gripman suddenly started the car, and also tends to prove that with ordinary care the gripman would have seen that plaintiff had risen from her seat, and was stepping down, before he gripped the cable. To these points the testimony of the plaintiff and Mrs. Meyers is quite positive, and to some extent is corroborated by Morris Sperling, a witness on the part of defendant. It appears that the plaintiff was sixty-four years of age, and that by the fall she was permanently injured, by a fracture of the neck of the femur.

2. It is claimed that the court erred in instructing the jury that "it was the defendant's business to know, before starting up the car, whether passengers getting off or on the car were in a position to be injured; and it would be negligence to start the car suddenly, under such circumstances, without exercising every precaution for the safety of those who might be getting off or on." As applied to the cable street-cars of the defendant, and to the facts of this case, in connection with other instructions given, the instruction seems to be correct. It does not, as contended by counsel, instruct that it would be negligence on the part of the defendant not to know absolutely, under all circumstances, that passengers getting off or on are not in a condition to be injured, but that "it would be negligence to start the car suddenly, under such circumstances (the circumstances of this case), without exercising every precaution for the safety of those who might be getting off or on," and that it was defendant's "business" to know (not that it must absolutely know under all circumstances) that passengers were not in a condition to be injured by starting the car. The court had before defined the degree of care required of common carriers of passengers as follows: "Common carriers of passengers are required to do all that human care, vigilance, and foresight reasonably can, under the circumstances, in view of the character and mode of conveyance adopted, to prevent accidents to passengers." Read in connection with this, the instruction in question could not

have been understood to mean that the failure of the defendant to know, under all circumstances, whether passengers are in condition to be injured by starting the car, is negligence.

3. The court, of its own motion, gave the following instruction as to the law of contributory negligence, in addition to instructions upon the same subject before given at the request of counsel for defendant: "Now, here is an instruction—a definition of this matter of contributory negligence—which is sometimes confusing to a jury, and which I will give you as follows: 'Contributory negligence' is defined to be, not any degree of negligence, however slight, which concurs in producing an injury, but it must be negligence amounting to the absence of ordinary care, and which contributes proximately or directly to the injury complained of, and against which negligence the defendant, being aware of it, could not have guarded." Immediately after this instruction was given, counsel for defendant asked if it was given by the court of its own motion, saying, if it was, he would like to except to it. Upon being informed by the court that it was given by the court, counsel said: "Then I desire to take an exception as to that. I understand I have to do that now," but stated no ground of objection to the instruction, though he seems to have understood that it was oral. In his brief here, for the first time, counsel states two grounds of objection to this instruction: First, that it defines the degree of contributory negligence necessary to constitute a defense to be a want of only ordinary care on the part of the passenger, whereas it is claimed that a want of extraordinary care, contributory to the injury in the slightest degree, is sufficient to constitute a defense. I think this objection is answered in the opinion of this court, by Mr. Justice McKinstry, in the case of Robinson v. Railroad Co., 48 Cal. 422, 423, where it was said: "The law regards the plaintiff as innocent . . . . unless the evidence shows a want of ordinary care and prudence on his part. His failure to take great care is no defense: Shearman & Redfield on Negligence, sec. 29. The formula is, not that any degree of negligence on the part of the plaintiff, which directly concurs in producing the injury (however slight), will constitute a defense; but if the negligence of the plaintiff, which amounts to the absence of ordinary care, shall con-

tribute, in any degree, proximately to the injury, the plaintiff shall not recover." This was repeated in the case of Strong v. Railroad Co., 61 Cal. 328, wherein the court, by the same learned justice, said: "Plaintiff had a right to rely upon the performance, by those on the locomotive, of every act imposed by law upon them when approaching a crossing. In a legal sense, he was innocent of negligence unless there was a want of ordinary care and prudence on his part. The rule is not that any degree of negligence, however slight, which directly concurs in producing the injury, will prevent a recovery; but if the negligence of the plaintiff, amounting to the absence of ordinary care, shall contribute proximately, in any degree, to the injury, the plaintiff shall not recover": See Beach on Contributory Negligence, sec. 20.

The second objection to the instruction is that the last clause of the instruction, in these words, "and against which negligence the defendant, being aware of it, could not have guarded," is erroneous, in that it requires of the defendant more than ordinary care to guard against injurious consequences from negligence of the plaintiff of which defendant was aware; it being claimed that this last clause of the instruction should have been qualified by adding thereto the words, "by the exercise of ordinary care"—that is to say, that the carrier, though notified of such negligence of the passenger as exposes the latter to danger of personal injury, is required to exercise only ordinary care to avoid or avert the impending injurious consequences of such negligence, and not that extraordinary degree of care which would have been required but for the negligence of the passenger. Contributory negligence of the plaintiff, as a defense, in cases of this kind, implies negligence of some degree on the part of the defendant, and is consistent with any degree of mere negligence of the defendant. Therefore, whenever it is found that the negligence of the plaintiff—that is, want of ordinary care on his part—proximately contributed to his injury in any degree, then the degree of care or negligence on the part of the defendant becomes wholly immaterial: Holmes v. Railway Co., 97 Cal. 161, 31 Pac. 834; Beach on Contributory Negligence, sec. 26. The instruction purports to be a definition of that species of contributory negligence which constitutes a defense, and states all the essential attributes

of that species, namely, "negligence amounting to the absence of ordinary care, and which contributes proximately or directly to the injury complained of," but erroneously added that it must be such negligence as the defendant, if aware of it, could not have guarded against. This additional attribute perverts the definition; and the qualification of it asked by appellant does not rectify the error, since negligence of the plaintiff, amounting to absence of ordinary care, which, concurrently with the negligence of defendant, proximately contributes to the injury complained of, is a good defense, whether the defendant could or could not, with ordinary or even extraordinary care, have guarded against it: Beach on Contributory Negligence, secs. 14, 35. It should be observed, however, that the negligence of defendant in such case is mere negligence, in the proper sense of the word, exclusive of malice, and consequently exclusive of such reckless conduct of defendant as would be sufficient proof of malice: Wharton on Negligence, secs. 14, 22. In a definition of the degree of care required of defendant in cases where the negligence of the plaintiff contributes to his injury only as a condition precedent, and remotely, and therefore does not constitute a defense, as in the line of cases of which Davies v. Mann, 10 Mees. & W. 545, Needham v. Railroad Co., 37 Cal. 409, and Meeks v. Railroad Co., 56 Cal. 513, 38 Am. Rep. 67, are examples, the qualification asked by appellant of the last clause of the instruction might have been material, and perhaps proper. But, in a definition of "contributory negligence" as a defense, the last clause of the instruction, either as given or with the qualification asked by appellant, had no proper place. It follows that, if the trial court had qualified the instruction as here proposed by appellant, the result would have been only to substitute one error for another, the refusal to do which, even at the special request of the defendant, would not have been error. But conceding that the exception, as taken in the lower court, is a sufficient foundation to support any objection to the instruction that counsel may desire to make here, still the only objection made here is that the court failed to qualify the instruction in the respect above stated, so that the error, such as it is conceded to be, is not pointed to or complained of here, and as a general rule this court will not reverse a judgment on account

of error not pointed out or complained of by the appellant; the reason for this being that, counsel for appellant having specified the errors of which he complains, it is presumed that he deems others, if such there be, either harmless or favorable to his client. If there is any exception to this rule, it will be found only in cases wherein it appears that the error not objected to was at least probably prejudicial to the appellant, and this case is not of that class. Indeed, I cannot conceive how the defendant could have been injured by the instruction in question. It was not questioned that plaintiff was guilty of contributory negligence, and therefore could not recover, if she started to alight after the car had started; and the very concrete instructions given at request of defendant were to this effect, and quite as favorable as defendant was entitled to ask. Among these were the following: "Fourth. The jury are instructed that if they find from all the evidence that the injuries in question were occasioned either solely by the negligence of the plaintiff, or, jointly and concurrently, by the negligence of the plaintiff and the defendant or its servants, then the verdict should be for the defendant"; and again: " .... Eighth. If the jury believe from the evidence that the plaintiff, knowing that the car was in motion, chose to run her chances, and get off by stepping directly out from the car, she must abide the risks that she took." The plaintiff claimed, and the evidence on her part tended to prove, that the car was started while she was in the act of alighting; and, on the other hand, defendant claimed, and gave evidence tending to prove, that the car was started before plaintiff moved from her seat, and that she started to get off while the car was moving. There was no evidence, and appears to have been no claim, that the defendant, by any degree of care, possibly could have avoided the accident after the car started. Under the instructions given at defendant's request, the verdict must have hinged solely upon the questions whether the plaintiff was in the act of alighting before the car started, and whether, with due care, the gripman would have known that fact before he started the car; and, upon conflicting evidence, the jury resolved both these questions against the defendant. In respect to whether the conceded error was harmless or not, this case seems entirely analogous to that of Craven v. Railroad Co., 72 Cal. 345, 13 Pac. 878,

in which an instruction defining "contributory negligence" was excepted to on a valid ground, and conceded to be erroneous, but held to be harmless, and therefore not a sufficient cause for a reversal of the judgment.

4. It is contended that, when the court found that the damages assessed by the jury were excessive, it should have granted a new trial on that ground, and had no authority to refuse it on the condition that plaintiff would remit $3,000. After the remittal of $3,000, no legal ground appears for holding the damages recovered ($7,000) excessive. That the trial court had authority to make the conditional order complained of, and did not err in making it, is too firmly established in this state to be questioned. I think the judgment and order should be affirmed.

We concur: Haynes, C.; Temple, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.