[Civ. No. 4053.   Second Appellate District, Division Two.—July 31, 1923.]

EARL F. METCALFE et al., Appellants, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Respondent.

[1] NEGLIGENCE — PERSONAL INJURIES — CONTRIBUTORY NEGLIGENCE— PLEADING—EVIDENCE.—In this action to recover damages for personal injuries, conceding that defendant's plea of contributory negligence was technically insufficient, in that it did not notify plaintiffs of the specific acts or omissions included in the charge of contributory negligence made against them by the general language of the pleading, plaintiffs having been notified of defendant's specific claim in ample time to rebut it, they were not prejudiced by the action of the trial court in overruling their demurrer to such plea.

[2] ID.—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE.—In such action, the trial court having fully instructed the jury upon the questions of proximate cause, ordinary care, and negligence, and upon the subject of burden of proof of negligence and contributory negligence, it was not error to omit to specifically define the term "contributory negligence."

[3] ID.—UNAVOIDABLE ACCIDENT — ISSUES—EVIDENCE—INSTRUCTIONS. Neither the pleadings nor the evidence having imported the question of unavoidable accident into the case, the answer of the defendant, when read as a whole, having merely presented the defense that plaintiff's car was put in a place of danger through her negligence and that after it was so placed defendant, by the exercise of reasonable care, could not stop its train soon enough to avoid an accident, and that, therefore, defendant was not guilty of negligence, but that plaintiff's injuries proximately re-resulted from her own careless acts, and the evidence offered by defendant having been consistent with the defense thus pleaded, the trial court did not err in refusing to give certain instructions upon the law relating to unavoidable accident.

[4] ID.—SLIGHT NEGLIGENCE—INSTRUCTIONS—The instructions of the trial court to the effect that plaintiff's negligence, "however slight," or "no matter how slight," or contributing "in the slightest degree" to the accident, would preclude a recovery, were not erroneous.

3. Stopping or leaving vehicle in dangerous place in street as precluding recovery for resulting injuries, note, **Ann. Cas.** 1917C, 1229, 1243.

[5] Id.—Verdict—Polling of Jury—Conflict—New Trial—Appeal. The affidavit of one of the jurors to the effect that he did not vote for the verdict (it appearing that three other jurors of the twelve ·did not join in the verdict), though proper for the consideration of the trial court on plaintiffs' motion for a new trial, was alone insufficient to overcome the record of the trial court which showed that when the verdict was returned into court a poll of the jury was taken and that thereupon nine members of the jury answered that the verdict was theirs; and the determination of the conflict by the trial court, expressed in its denial of the motion for a new trial, was conclusive on appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

Lee Riddle and Paul Blackwood for Appellants.

Frank Karr, R. C. Gortner and W. R. Millar for Respondent.

WORKS, J.—This is an action to recover damages for personal injuries. The plaintiffs are husband and wife and the injuries in question were suffered by the latter as the result of her automobile having stopped on certain car tracks in front of one of defendant's electric interurban trains and having been run down by the cars. Judgment went for defendant and plaintiffs appeal.

[1] Among other things, appellants contend for a reversal of the judgment on the ground that the trial court erred in overruling their demurrer to a special defense contained in the answer and which alleges "that said plaintiffs did not, nor did either of them, exercise ordinary care, caution or prudence in the premises, and that the injury of said plaintiff, Ulva Metcalfe, . . . if any, and the damages, if any, by plaintiffs or either of them sustained, were directly and proximately contributed to by the fault, carelessness and negligence of said plaintiffs and each of them, and their failure and that of each of them to exercise ordinary care, caution or prudence in the premises." The demurrer, under both general and special grounds, presented the question whether this averment was a sufficient plea of contributory negligence. If we grant, for the sake of argu-

ment, although we do not decide, that the plea is insufficient and that the trial court erred in overruling the demurrer on this point (see *Griswold* v. *Pacific Electric Ry. Co.*, 45 Cal. App. 81 [187 Pac. 65]), we are at once constrained to say that the error was harmless and did not result in a miscarriage of justice, as that term is used in section 4½ of article VI of the constitution. Appellants assert in their brief that they were prejudiced at the trial because of the fact that the answer did not notify them of the specific acts or omissions included in the charge of contributory negligence made against them by the general language of the pleading. We have examined the entire cause, including the evidence, and are unable to see that any prejudice to appellants' rights followed the ruling on the demurrer. They were notified of respondent's specific claim as to contributory negligence when the evidence of that party was offered, and they had full opportunity to rebut it. In fact, appellants had notice of respondent's claim, in a general way, from respondent's statement to the jury, made before any evidence was introduced. Appellants made no claim that they were taken by surprise and they apparently had in court all the witnesses who could have been marshaled in their behalf. We think that appellants were not harmed by the ruling on the demurrer, even granting that the plea of contributory negligence was technically insufficient. The cause seems to have been tried fully on the merits.

[2] Appellants contend that the trial court erroneously omitted to define to the jury the term "contributory negligence" and erroneously refused to give an instruction containing the definition. The court did, however, fully instruct upon the questions of proximate cause, ordinary care, and negligence. The instructions upon the question of negligence were so framed as to inform the jury plainly that they related to the conduct of appellant Ulva Metcalfe, who was driving the automobile at the time of the accident, as well as to that of respondent. Also, the term "contributory negligence" finds frequent mention in the instructions. Among those given was the following: "In determining the issue of negligence, and of contributory negligence, the court instructs you that the burden of proving negligence is upon the party asserting it. In this case, the burden of proving the negligence of the defendant is upon

the plaintiff; the burden of proving the negligence, or contributory negligence, of the plaintiff, is upon the defendant. But in determining whether or not there has been such negligence, you will consider all the evidence bearing upon that subject, regardless of which party introduced it. That is to say, if you find that the greater weight of all the evidence is in favor of the negligence of the defendant, you should accept that as a proved fact in the case, while if the evidence on the issue is, in your judgment, evenly balanced or preponderates against such negligence, it is not proved, and you should find that the defendant was not negligent. If you find that the greater weight of all the evidence is in favor of the contributory negligence of the plaintiff, you should accept such contributory negligence as a proved fact, or if the evidence on that issue is, in your judgment, evenly balanced, or preponderates against such contributory negligence, it is not proved, and you should find that the plaintiff was not guilty of contributory negligence." Another instruction was in this language: "It was . . . the duty of the plaintiff, on the occasion in controversy, to operate her machine in a careful manner, and with due regard for her own safety and the safety and convenience of others, and if you believe from the evidence that the plaintiff failed in these particulars, or either of them, such failure would be negligence on her part; and if that negligence proximately contributed to the injury, then she could not recover." Taking all the instructions together it was not necessary specifically to define the term "contributory negligence." The sum total of the instructions gave to the members of the jury everything that a specific definition could have conveyed to their minds.

[3] It is next contended that the court erred in refusing to give certain instructions upon the law relating to unavoidable accident. Respondent insists that neither the pleadings nor the evidence imported the question of unavoidable accident into the action. As to the pleadings, we have already quoted the portion of the answer setting up the defense of contributory negligence. That is the only affirmative defense alleged and specifically designated as such. There are in the answer, however, intermixed with denials of averments of the complaint, affirmative allegations upon which appellants base their claim that the question of un-

avoidable accident is in the case. These affirmative allegations, together with the denials which accompany them, are to the effect that respondent "denies that said automobile was then and there, or at any time or place, stuck upon said tracks, or that said Ulva Metcalfe was unable to start said motor, and defendant alleges that when said automobile stopped upon said tracks said train of defendant was so close thereto that collision therewith was unavoidable by any act or thing which could have been done by said defendant, and alleges that not until said automobile had so stopped on said railroad tracks did the occupants thereof signal said train or warn defendant, or any of its employees or agents, of their perilous position, and not until such automobile so stop [*sic*] on said tracks did any perilous position of said occupants thereof exist, nor was any perilous position discoverable or seen or discovered by defendant or any of its agents; and defendant denies that at the time and place in said complaint mentioned, or at any time or place, it negligently failed to stop said train, or negligently continued to propel same forward, or propel said train at an unlawful or high or negligent rate of speed into, against or over said automobile or said plaintiff; and, on the contrary, defendant alleges that immediately upon said automobile and its occupants stopping on said track, every effort possible was made to stop said train and avoid striking same, but that the distance was too short for said collision to be avoidable." These affirmative allegations do not amount to a plea of unavoidable accident, even when considered apart from the affirmative defense of contributory negligence. They, together with the denials with which they are intermixed, merely amount to this: Respondent, after the automobile had been placed in a position of danger on the tracks, laying aside all question as to how it came there, was unable to stop its train in time to avoid a collision. When the affirmative defense of contributory negligence is considered the situation is entirely clarified. Taking respondent's pleading as a whole, it is apparent that the defense is that Mrs. Metcalfe's car was put in a place of danger through her negligence; that after it was so placed, respondent, by the exercise of reasonable care, could not stop its train soon enough to avoid an accident, and that, therefore, defendant was not guilty of negligence, but that Mrs. Metcalfe's in-

juries proximately resulted from her own careless acts. The evidence offered by respondent was consistent with the defense thus pleaded.

[4] Another point made by appellants is that the trial court erred in several of its instructions upon the question of contributory negligence. These instructions, taking a composite view of them, were to the effect that Mrs. Metcalfe's negligence, "however slight," or "no matter how slight," or contributing "in the slightest degree" to the accident, would preclude a recovery by appellants. In all, these and similar expressions were employed eight times in the course of the instructions, and appellants' objection is not merely that they were used at all, but that they were used so often. There is some slight confusion in the decided cases upon the question whether such qualifying terms are proper in an instruction on the law of contributory negligence, but this confusion is more apparent than real and is thoroughly dispelled if due regard be paid to the difference between the terms "care" and "negligence" and the relation which one bears to the other under the law. In an early case the supreme court said that "the law regards the plaintiff as innocent unless he has been guilty of what has been called (somewhat awkwardly) 'ordinary negligence'; that is, unless the evidence shows a want of ordinary care and prudence on his part. His failure to take great care is no defense. . . . The *formula* is, not that any degree of negligence on the part of the plaintiff which directly concurs in producing the injury (however slight) will constitute a defense; but if the negligence of the plaintiff, which amounts to the absence of ordinary care, shall contribute, in any degree, proximately to the injury, the plaintiff shall not recover (*Robinson* v. *Western Pac. R. R. Co.*, 48 Cal. 409). Due attention to this language will convince that it declares the law to be exactly as the trial judge stated it to the jury in the present case. Taking the excerpt as a whole it is plain that the supreme court, in saying "not . . . any degree of negligence on the part of the plaintiff . . . will constitute a defense," intended to convey the idea that no negligence consisting only of a failure to exercise great care will constitute a defense. No other construction of the language last quoted will harmonize with the final statement of the court, "but if the negligence of the

plaintiff, which amounts to the absence of ordinary care, shall contribute, in any degree, proximately to the injury, the plaintiff shall not recover.'' The law thus declared has never been departed from in this state. (See *Strong* v. *Sacramento & P. R. R. Co.*, 61 Cal. 326; *Tobin* v. *Omnibus Cable Co.*, 4 Cal. Unrep. 214 [34 Pac. 124]; *Sinclair* v. *Pioneer Truck Co.*, 51 Cal. App. 174 [196 Pac. 281].) It is true that in the case last cited the appellate court declined to reverse because the trial court had refused to use the qualifying words ''in any degree'' in an instruction upon the law of contributory negligence. Nevertheless, the language of the court shows that it would have adopted the same attitude toward an objection to an instruction on the ground that it contained those words. As to appellants' objection that the trial court so often used the qualifying words with which they find fault, it is enough to say that if it was right to use them once it was right to use them in every instance in which the court did use them. No harm was wrought by the repetitions found in the instructions.

[5] Appellants also contend that their motion for a new trial should have been granted and that the judgment should be reversed for the reason that nine jurors did not agree upon the verdict. That three of the twelve did not join in the verdict is beyond question. When the verdict was returned into court a poll of the jury was taken and the record of the trial court shows that thereupon nine members of the jury answered that the verdict was theirs. On the motion for a new trial, however, an affidavit of one of the nine was presented in which the statement is made that the affiant had never voted for the verdict in a jury-room and that he did not upon the poll answer that the verdict was his. This affidavit, though proper for the consideration of the court, was alone insufficient to overcome the showing of the record as to what had transpired at the time the jury was polled. The poll having occurred in open court, the judge could from his own knowledge determine whether the affidavit or the record spoke the truth. His determination of the question, expressed in his denial of the motion for a new trial, is conclusive upon us.

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.