[L. A. No. 9764.   In Bank.—January 13, 1930.]

VERNA M. BOWMAN, Respondent, v. MOTOR TRANSIT
COMPANY (a Corporation), Appellant.

Kidd, Schell & Dalmer for Appellant.

William L. Waters, Anderson & Anderson and Francis B. Cobb for Respondent.

PRESTON, J.—In this action to recover damages for personal injuries sustained by plaintiff as the result of an automobile accident, the judgment is affirmed.

We find that the record in this cause contains evidence amply sufficient to uphold the verdict and judgment and that it is free from prejudicial error, both in the admission and rejection of testimony and in the giving and refusing of certain instructions. A *résumé* of the case follows:

At the time of the accident plaintiff, in an Overland car driven by her husband, was proceeding in a southerly direction on Fullerton Road, Orange County, toward its intersection with Central Avenue. Defendant's stage was traveling west on Central Avenue. At the northeast corner of the crossing a lemon orchard was so situated as to somewhat obscure the view at the intersection for drivers approaching

it from the directions stated. As he entered the crossing plaintiff's husband reduced the speed of his car to permit the passing of an automobile traveling east on Central Avenue, but, proceeding slowly, he failed to see the approaching stage at his left until it was almost upon him; he then swung hard to the right in an effort to avoid it. The stage, however, continued swiftly toward him, catching his car by the front left fender. This caused the rear end to swing with great force against the side of the stage. The car then rebounded and finally crashed to a standstill at the curb, with the back ripped from the front seat and husband and wife thrown unconscious in the rear. The stage stopped a short distance beyond.

Plaintiff did not regain consciousness for some days due to severe bruising and laceration of the head, and concussion of the brain. She also suffered a nervous shock throughout her whole body, together with impairment of her mental powers and senses and a serious and probably permanent injury to her eyesight. The jury returned a verdict in her favor, assessing damages at $18,750, plus $326.90 expenses. They also returned two special verdicts, one to the effect that at said time defendant stage was being operated at a negligent rate of speed in excess of fifteen miles per hour and the other to the effect that defendant failed to keep a proper or careful outlook for the approach of plaintiff's auto and failed to yield it the right of way. The judgment for plaintiff followed, from which defendant prosecutes this appeal.

Appellant complains of denial of its motion for a nonsuit, refusal of the trial court to direct a verdict in its favor and denial of its motion for new trial. These several claims may be summed up and considered with its main contention of insufficiency of the evidence to support the verdict and judgment. The record contains an exhaustive survey, by both parties, of the somewhat conflicting evidence as to speed of the respective vehicles; condition of the intersection, conduct and acts of the two drivers, together with their care or lack of care and all other factors contributing to the collision. A detailed statement of these matters would not clarify the situation. ■ As above stated, our review of the cause impels us to agree with the conclusion reached by

the jury upon all the issues, including those of negligence and contributory negligence, and to state that both verdict and judgment are amply supported by competent and persuasive evidence. Neither is there necessity for a detailed discussion of the contention that plaintiff's husband was guilty of negligence, imputed to her, so indisputable as to constitute contributory negligence as a matter of law. The record affords no basis for this claim, especially in the light of credible testimony that he was an experienced and cautious driver and was at the time in question proceeding with his usual due care.

The above remarks may also be applied to appellant's claim that the verdict was so grossly excessive as to amount to a miscarriage of justice and to necessitate reversal or substantial modification thereof. The record offers proof of an utter change in plaintiff as a result of her injuries from an active, healthy, able and mentally alert woman to one weakened, depressed, suffering mentally and physically, altered in disposition and mental power and apparently permanently injured in health by the shock to her nervous system, injuries to her brain, impairment of her vision and at least temporary impairment of some of the other senses. The showing made, to our mind, clearly justifies an award of damages in the sum here named.

Appellant charges the court with errors in the admission of evidence in that it permitted plaintiff's husband, who was not qualified as an expert on speed, to testify as to the speed of the stage when it was fifteen feet away from him and allowed plaintiff, who was not qualified as a medical expert, to testify as to her changed mental condition; to state that she had a paralytic condition in one side of her face and to describe how her nervous system, eyesight and other senses were affected. Two hypothetical questions propounded to plaintiff's expert medical witness are also criticised by appellant. We have examined carefully all assignments of error in this connection and find them to be without merit. The testimony offered by plaintiff and her husband was merely descriptive and did not purport to be expert opinion. The hypothetical questions were included among other similar questions along the same line, and even were their wording subject to the criticism made, such error would

not be prejudicial under the circumstances shown by the record.

■ Lastly, we are asked to consider errors in the giving and refusing of certain instructions. The first concerns an instruction given at plaintiff's request, based on section 131, subdivision a, of the Motor Vehicle Act (Act 5128, Deering's Cons. Supp. 1925–1927, p. 1537), which provides that "when two vehicles approach an intersection of public highways at approximately the same time, the vehicle approaching from the right shall have the right of way, provided such vehicle is traveling at a lawful speed." We find no fault with the instruction, which was so worded as to place the instant situation before the jury in the terms of said statute and charge them that if they found from a preponderance of the evidence that the vehicles here involved approached said intersection in the manner therein stated, plaintiff had the right of way for the purpose of traversing it and it was the duty of defendant's driver to yield it to her. Reading the entire charge to the jury, we do not find that said instruction is inconsistent or in conflict with later ones, nor do we find the existence of any reversible error whatsoever in any of the instructions given.

■ Appellant requested the court to give the following instructions: "In civil cases the affirmative of the issue must be proved, and when the evidence is contradictory the decision must be made according to the preponderance of evidence. By preponderance of the evidence is meant the weight of the evidence, the preponderance of probability." The court gave the instruction with the following clause added to it: "or that evidence which produces conviction in the unprejudiced mind of the juror."

Appellant, of course, does not challenge the accuracy of the instruction as requested by it, but severely criticises said portion which was added by the court. That said clause was inaccurate and academically incorrect is beyond doubt. Instructions containing phrases similarly worded have been condemned in *Estate of Ross*, 179 Cal. 629 [178 Pac. 510]; *People* v. *Miller*, 171 Cal. 649 [154 Pac. 468], and other cases. The phrase, however, was evidently intended to be used here in a sense synonymous with the word "preponderance" and in fact placed as great a burden upon plaintiff in proving negligence as it did upon appellant in proving

contributory negligence. Furthermore, other instructions were given by the trial court bearing upon this very matter, and it seems improbable, if not impossible, that the jurors, in the light of the entire charge, could have been misled by said inaccuracy. In the recent case of *East Bay Municipal Utility Dist.* v. *Kieffer*, 99 Cal. App. 240 [278 Pac. 476], this identical phrase was under consideration and, while deemed inaccurate academically, it was held not to constitute reversible error. Said holding is directly in point here, and to it reference is made for a fuller discussion of the issue, distinguishing the cases above mentioned and citing many other cases touching upon the subject. See, also, the following as authority for the ruling made: *Estate of Guilbert*, 46 Cal. App. 55, 57 [188 Pac. 807]; *Lawrence* v. *Goodwill*, 44 Cal. App. 440, 450–454 [186 Pac. 781]; *Boa* v. *San Francisco-Oakland Transit Rys.*, 182 Cal. 93, 103, 104 [187 Pac. 2]; *De La Torre* v. *Johnson*, 203 Cal. 374, 378 [264 Pac. 485].

We find the record free from reversible error; hence our conclusion first announced.

Shenk, J., Richards, J., Seawell, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.