[L. A. No. 11613. In Bank.—August 31, 1931.]

IRENE JORDAN, Respondent, v. GREAT WESTERN MOTORWAYS (a Corporation) et al., Appellants.

Bryce P. Gibbs and Swing & Wilson for Appellants.

A. S. Maloney and Martin J. Coughlin for Respondent.

WASTE, C. J.—This is an action to recover damages for personal injuries sustained by the plaintiff in a collision between the defendant Eslow's automobile, in which plaintiff was riding as a guest, and a bus belonging to and operated by the Great Western Motorways, a corporation. In their respective answers the defendants denied the allegations of the complaint, the defendant bus company alleging the defense of contributory negligence. For the pur-

poses of this decision we will assume that this special
defense is also available to the defendant Eslow because of
certain allegations in the complaint, denied by him, and be-
cause the case was apparently tried on this theory. At
the conclusion of the trial the jury brought in a verdict in
the sum of $10,000 against both defendants, each of whom has
appealed from the judgment entered thereon.

The accident occurred on the morning of March 1, 1928,
in the city of San Bernardino at the intersection of Sixth
Street, which runs east and west, and Arrowhead Avenue,
which runs north and south. It is a blind intersection at
which the permissive speed is fifteen miles an hour. The
defendant Eslow's car, in which plaintiff was riding, was
proceeding east on Sixth Street, while the bus was going
north on Arrowhead Avenue. The vehicles approached or
entered the intersection at or about the same time, the
bus being to the right of Eslow's car. As Eslow ap-
proached the intersection his view was partially obstructed
by three other cars in the immediate vicinity, all going in
different directions. Our examination of the record dis-
closes that there is evidence from which the jury might
reasonably have concluded that in spite of the fact that
it was a blind intersection and that each driver's view was
further obstructed by the three cars mentioned, the de-
fendant Eslow drove his car through or into the intersec-
tion at twenty miles an hour and collided with the bus with-
out seeing it until the moment of impact and that the bus
at the same time was traversing the intersection at a speed
estimated between thirty and forty miles an hour and that
the driver failed to keep the necessary lookout and was
oblivious to the presence of Eslow's car. A few seconds
prior to the collision the plaintiff, who was sitting to the
right of Eslow, noticed the bus and immediately screamed
or cried out to him to look out. The vehicles came together
at a point within the southeast quarter of the intersection.

 Each defendant disclaims all negligence and re-
sponsibility for the accident and urges that the fault lay
with the other. These contentions are without merit.
Viewing the case in its aspect most favorable to plaintiff,
there is ample evidence from which the jury might believe
that although Eslow's car could have been stopped in ten
feet had it been going at twelve miles an hour, as he testi-

fied, yet it traveled approximately fifty-five feet after plaintiff had called his attention to the approaching bus; while as to the defendant bus company the jury might well have concluded that its bus was passing through the intersection at a speed in excess of thirty miles an hour, causing it to travel approximately one hundred and fifty feet north of the north curb line of Sixth Street before it was brought to a stop. Whether the negligence of two defendants is independent or concurrent is generally a question for the jury whose finding, if there be evidence to support it, is conclusive on appeal. (*Gett* v. *Pacific Gas & E. Co.*, 192 Cal. 621, 625, 626 [221 Pac. 376]; *Springer* v. *Pacific Fruit Exchange*, 92 Cal. App. 732, 738, 739 [268 Pac. 951]; *Dougherty* v. *Ellingson*, 97 Cal. App. 87, 93 [275 Pac. 456].) In this case, if we judge by the verdict it rendered, the jury concluded, upon substantial evidence, that the negligence of the defendants was concurrent and so simultaneous as to allow no break between cause and effect.

■ The case was apparently tried on the theory that contributory negligence was an issue, for all of the parties, including plaintiff, requested certain instructions on this doctrine. Both defendants predicate error on the giving of two so-called "formula" instructions in which no reference is made to the fact that before finding for plaintiff the jury must find her to be free from contributory negligence. It is well settled that instructions purporting to contain the conditions necessary to a verdict for one party must contain all of those conditions and not overlook defenses on which substantial evidence has been introduced. (*Beyerle* v. *Clift*, 59 Cal. App. 7, 9 [209 Pac. 1015]; *Douglas* v. *Southern Pac. Co.*, 203 Cal. 390, 393, 394 [264 Pac. 237]; *Starr* v. *Los Angeles Ry.*, 187 Cal. 270, 278 [201 Pac. 599].) However, the failure of a "formula" instruction to contain a reference to a defense upon which no substantial evidence has been introduced, cannot be said to be prejudicially erroneous. ■ As we read the evidence there was no issue of contributory negligence in the case at the time the instructions were given and the trial court might well have omitted all reference thereto. We find nothing in the evidence admitted on behalf of the plaintiff, or that introduced by the defendants, that would tend to show that plaintiff was guilty of contributory negligence.

The defense is very meager, the defendant Eslow alone taking the stand in his own behalf, while the bus company failed to put in any defense other than the introduction of two photographs showing the damage done to its bus. Plaintiff was riding as a guest of Eslow and had no power of control over the car in which they were traveling. It does not appear either that she was guilty of independent negligence. There is no showing of any prior negligence on Eslow's part to indicate that he was not driving his car in a proper and careful manner. There was no reason, therefore, for the plaintiff to be apprehensive of her safety while riding with him, or to take any unusual precautions against their running into danger. That plaintiff was attentive to and not heedless of her well-being is shown by the fact that she discovered the presence of the bus a few seconds prior to the collision and by warning Eslow of its approach sought to avert the impending accident. There apparently was no appreciable time between the discovery of the danger and the occurrence of the collision. Whatever may have been the negligence of the defendant Eslow at the moment of collision cannot be imputed to plaintiff either by Eslow or his co-defendant. (*Smellie* v. *Southern Pacific Co.*, 212 Cal. 540, 299 Pac. 529.) As there is nothing in plaintiff's conduct which would tend in the least to prove that she was guilty of contributory negligence in causing the injuries sustained by her as a result of the collision, it necessarily follows that any omission of the instructions to refer to this doctrine does not require a reversal of the judgment. The inadvertence in plaintiff's first instruction to the effect that the burden was upon her to prove the absence of contributory negligence, could have been prejudicial to plaintiff alone.

The defendant bus company complains of three instructions given at the request of defendant Eslow, having to do with the right of way as between two vehicles entering an intersection at or about the same time. It is contended that these instructions erroneously state that under certain circumstances the automobile on the left may have the right of way. The bus company urges that these instructions are correct statements of the law as it existed prior to the 1925 amendment of section 131 of the California Vehicle Act (Stats. 1923, p. 560), but that they

do not accurately state the law as it existed at the time of the accident. Granting all that the defendant bus company advances in this regard, we fail to see wherein the instructions complained of could have been prejudicial to it. At the time of the accident section 131, *supra,* read as follows: ''When two vehicles approach an intersection of public highways at approximately the same time, the vehicle approaching from the right shall have the right of way, provided such vehicle is traveling at a lawful speed.'' (Stats. 1925, p. 398, sec. 15.) This section was set out for the guidance of the jury in the bus company's ninth instruction. It is immediately apparent that under the quoted section the vehicle on the right (the bus in this case) has the right of way *only* so long as it is proceeding at a ''lawful speed''. An excessive rate of speed on the part of the vehicle on the right deprives it of the right of way otherwise given to it by the statute, and while such excessive rate of speed may not, as urged by the bus company, serve to transfer the right of way to the vehicle approaching from the left, a point we need not now decide, the question of negligence under such circumstances would at least be an open one for the jury to determine from the whole of the evidence. Here there is evidence that the bus traversed the intersection at an excessive rate of speed and the defendant bus company made no effort to controvert this showing. The bus did *not* therefore have the right of way under the law, and the jury may well have concluded that the collision was the result of the joint and concurring negligence of both defendants, regardless of which one had the right of way. The three instructions complained of, assuming them to have been erroneous and all too favorable to the defendant Eslow, could only have been prejudicial to the cause of the defendant bus company if they had resulted in a verdict favorable to Eslow, for then the entire responsibility would have been shifted to the bus company despite Eslow's negligence. On the contrary, however, a verdict was brought in against both defendants, the jury apparently concluding that the negligence of each had proximately contributed to the accident. Moreover, the effect of these instructions is greatly minimized when it is considered that Eslow himself came into the intersection at a speed in excess of the permissive speed. The jury had section 131 before it and undoubtedly

concluded that the right of way was confined solely to vehicles proceeding at a "lawful speed". We find no other instructions requiring consideration. The charge on the whole fairly covers the issues and consists of instructions given at the request of all of the parties.

■ Over objection of counsel, plaintiff was allowed to testify as to the speed of the bus and Eslow's automobile. We find no error in the trial court's ruling. A person having the opportunity to observe the speed of a moving vehicle is qualified to give his opinion as to such speed, and his previous experience or lack of experience goes to the weight rather than to the competency of the testimony. (*Bowman* v. *Motor Transit Co.*, 208 Cal. 652, 655 [284 Pac. 443]; *Kramm* v. *Stockton Elec. R. Co.*, 22 Cal. App. 737, 755, 756 [136 Pac. 523]; *Hutchinson* v. *Miller & Lux Inc.*, 60 Cal. App. 1, 5 [212 Pac. 394].)

■ Nor do we find error in the ruling permitting a lay witness to testify regarding the condition of plaintiff's health. Lay witnesses having the requisite opportunity for observation may testify as to the health of another. (*Robinson* v. *Exempt Fire Ins. Co.*, 103 Cal. 1, 4, 5 [24 L. R. A. 715, 42 Am. St. Rep. 93, 36 Pac. 955]; *Chicago City R. Co.* v. *Van Vleck*, 143 Ill. 480 [32 N. E. 262, 263].)

■ Urging that internal injuries were not within the issues as framed, the defendant bus company contends that plaintiff was improperly allowed to testify that she had suffered from vaginal bleeding (a term used by the physician) for a long time after the injury. Among other things, the complaint alleges "that the said plaintiff herein received severe bruises, gashes and injuries as a result of said collision". This allegation is sufficiently broad to admit the testimony complained of. (*Samuels* v. *California St. Cable Ry. Co.*, 124 Cal. 294, 296 [56 Pac. 1115]; *Martin* v. *Pacfiic Gas & Elec. Co.*, 203 Cal. 291, 302, 303 [264 Pac. 246]; *Dullanty* v. *Smith*, 203 Cal. 621, 626 [265 Pac. 814].)

The evidence supports the jury's implied findings of negligence on the part of both defendants and absence of contributory negligence on the plaintiff's part. We have examined the entire record and the briefs and have found nothing warranting a reversal.

The judgment is affirmed.

Langdon, J., Preston, J., and Curtis, J., concurred.