[Civ. No. 736.   Fourth Appellate District.—April 4, 1933.]

ZELLA G. LUFKIN, Respondent, v. CITY OF BAKERS-FIELD (a Municipal Corporation) et al., Appellants.

Harry D. Parker and White McGee, Jr., for Appellants.

M. G. Brittan for Respondent.

BARNARD, P. J.—This is an action for damages for injuries received in an automobile collision at a street intersection in the City of Bakersfield. M Street runs north and south and 17th Street runs east and west. About 6 o'clock on the night of December 5, 1930, the plaintiff was riding in an automobile driven by her husband, which was proceeding north on the right-hand side of M Street. At the intersection of this street with 17th Street this car was struck by a police patrol automobile owned by the defendant city and driven by the defendant Doan, which at the time was proceeding west on 17th Street, and the plaintiff was thrown to the pavement, receiving the injuries complained of. A jury returned a verdict in her favor and from the judgment which followed the defendants have appealed.

Appellants' first contention that the respondent's husband was guilty of contributory negligence, as a matter of law, in failing to see and avoid the other car, and their second contention, that the evidence is not sufficient to show any negligence upon their part, are without merit and may be treated together. It appears from the evidence that at the time in question the driver of the police car was returning to the police station and was not upon an emergency call, and the facts were not such as to bring the car within the exception to the right-of-way rule provided in section 132 of the California Vehicle Act. There is evidence that the car driven by respondent's husband entered the intersection first; that a number of other cars were approaching from different directions; that the driver of this car could see about half a block east on 17th Street before he entered the intersection; that he did not see the police car coming; that this car was almost across the intersection before it was struck by the police car, the front end being either just out of the intersection on the north side thereof or about to pass out of it; that the police car ran into the right rear wheel on respondent's car, breaking the wheel and crushing the rear fender; and that this car then turned around describing a figure eight, landing on the west side of M Street and throwing the plaintiff through the windshield to the pavement. There is evidence that the police car had been traveling about five or six feet from the north side of

17th Street and that it did not alter its course, prior to striking the other car. The appellant Doan testified that he entered the intersection at between twenty and twenty-five miles an hour; that as soon as the respondent's car became visible, this being a blind corner, he applied his brakes, using all of his weight; and that thereafter the car rolled approximately twenty-five feet with the brakes fully set. A number of witnesses testified that the respondent's car entered the intersection first, and that it was not traveling as fast as the police car. Without further summary it may be said that the evidence was sufficient to justify a finding of negligence on the part of appellants, and that any question of contributory negligence on the part of respondent's husband was one of fact for the jury. Under the circumstances shown it can neither be said, as a matter of law, that the respondent's husband was guilty of negligence in not seeing the other car in time to avoid the collision, nor that any such negligence, if it existed, was a proximate cause of the accident.

█ It is next urged that a number of instructions given are prejudicially erroneous. The one especially relied upon as reversible reads as follows: "You are instructed that whenever vehicles are approaching an intersection, the driver of the vehicle which has already entered the intersection has the right of way, and I instruct you that if in this case you find that the plaintiff was in the intersection first, in advance of the defendant, then I instruct you that under these circumstances the law requires the defendant to thereupon yield the right of way to the plaintiff and that the plaintiff has the right to assume that the defendant will yield the right of way to her. And if you find from the preponderance of the evidence in this case that the plaintiff did enter the intersection first and that thereupon the defendant failed to yield the right of way to her, then in that event I instruct you that unless the said defendant was responding to an emergency call or in traffic patrol duty at the time of the accident, that his failure to yield the right of way as aforesaid was negligence on his part to observe said law as aforesaid, and if you find by preponderance of the evidence that these facts are true and also find by the same degree of proof that the negligence in failure to observe said law, was the direct and proximate

cause of the accident and injury to this plaintiff, then in accordance with the other instructions given you in this case, I instruct you that your verdict should be in favor of the plaintiff.''

It is argued that this is a formula instruction, that it omits the matter of contributory negligence, and that in stating that if the plaintiff was in the intersection first she had the right to assume that the defendants would yield the right of way to her, it omitted the qualification that she was herself exercising ordinary care at the time. Appellants rely upon the case of *White* v. *Davis,* 103 Cal. App. 531 [284 Pac. 1086, 1092] in which this court said, in commenting upon a somewhat similar instruction: ''The effect of this instruction was to tell the jury that in this case the plaintiff had a right to rely upon the rule stated, irrespective of whether or not he himself was negligent, and that he had a right to assume that he was not exposed to danger, even though he might know he was in a perilous position.''

The circumstances here are quite different from those in the case referred to. In that case, the plaintiff was standing in an exposed position on a main highway and turned around after observing things that should put him particularly on his guard. In the instant case, the California Vehicle Act, as it existed at that time, provided that a driver who had entered an intersection first had the right of way. The respondent's husband, before he entered the intersection, could see for half a block in the direction from which the police car came and did not see the police car approaching. At the time of the collision he had almost passed through the intersection and it cannot be said that in relying upon the right of way given him by the statute under these circumstances, he must have known that he was in a perilous position. While we do not approve of this instruction, taking into consideration the language used, the circumstances of this case, and in view of the provisions of article VI, section 4½, of the Constitution, and of the holding in *Douglas* v. *Southern Pacific Co.,* 203 Cal. 390 [264 Pac. 237], we do not deem it necessary to reverse the case. In the case just cited, the court said:

''The authorities are legion to the effect that a so-called 'formula' instruction must contain all the elements essential

to a recovery, and the absence of any one of such elements may not be compensated for nor cured by a reference thereto in other instructions correctly and fully stating the law. This principle is well stated in *Beyerle* v. *Clift*, 59 Cal. App. 7, 9 [209 Pac. 1015], wherein it is held that 'if an instruction by its terms purports to state the conditions necessary to a verdict, it must state all those conditions and must not overlook pleaded defenses on which substantial evidence has been introduced. ''It is clear that an instruction directing a verdict for the plaintiff in the event that the jury finds certain facts to be true, must embrace all the things necessary to show the legal liability of the defendant and to warrant the direction or conclusion contained therein that plaintiff is entitled to a verdict, and such is the rule in this state.'' . . . The court gave other instructions on the subject of contributory negligence, the correctness of which is not challenged. But this is not sufficient to overcome the prejudicial character of the erroneous instructions.' ''

In that case, the court held that the instruction there under consideration was in fact an instruction only on one issue of the case and that it was not what is called a formula instruction. The court then said: ''Jurors are presumed to be persons of common intelligence and capable of comprehending the ordinary use of language as applied to the particular proposition under consideration and in reference to which it is employed. We will not assume that they may not have understood the charge as we understand it. The instructions must be considered in their entirety, and if, as so considered, they state the law of the case fairly and clearly, then they are, as a whole, unobjectionable, even though by selecting isolated passages from single instructions they may in some respects be amenable to just criticism.''

We think a similar situation appears here. It fully appears that the court, in giving this instruction, was instructing the jury on the rule as to the right of way and was not purporting to set forth all of the elements which were essential to a recovery. The purport of the instruction was disclosed, and the instruction limited, by the language used near the end thereof: ''then in accordance with the other instructions given you in this case'', etc. In other instructions the matter of contributory negligence was fully and completely covered and the jury was repeatedly told that the

respondent could not recover if her husband was negligent, and that the driver of an automobile approaching an intersection, even though he has the right of way, cannot assume that the way is clear and cannot proceed blindly into the intersection, but must use ordinary care to ascertain the condition of traffic and whether he may proceed in safety, and that failure to use such care would constitute negligence.

■ A similar objection is made to another instruction as omitting the issue of contributory negligence, which instruction was entirely an expression of the doctrine of *respondeat superior,* and concerned the question as to whether the defendant Doan was an employee of the defendant city.

■ It is next urged that in one instruction the court assumed that the driver of the police car was negligent and only left to the jury the question of whether his "negligent acts" were the proximate cause of the accident. The language used could bear no such interpretation and the point is without merit.

■ Complaint is next made of the following instruction: "You are further instructed that if you find that there was on the part of the plaintiff contributory negligence in this matter which concurred directly in producing the injury, then such negligence will not bar the right of recovery of the plaintiff if such negligence is so slight as not to amount to want of ordinary care."

It is urged that this instruction permitted the jury to compare the negligence, if any, of the drivers of the two cars. While we do not think this instruction was necessary or to be recommended, it is true, as pointed out in *Strong* v. *Sacramento & P. R. Co.,* 61 Cal. 326, that in a legal sense a person is not guilty of negligence unless the acts said to be negligent are sufficient to amount to a want of ordinary care. In effect this instruction told the jury that if the acts of the plaintiff did not amount to negligence, they could not amount to contributory negligence. In some half-dozen instructions the jury was told that it must not compare the negligence of the two drivers, that it must not attempt to determine which of the two was guilty of the most negligence, that if the respondent's husband failed to make reasonable use of all his faculties to make a safe crossing and avoid a collision, and if he failed to do all that a person

of ordinary prudence would have done under the same or similar circumstances, he was negligent, and that if any such negligence contributed proximately to the happening of the accident, no matter how slightly, plaintiff could not recover. Under the circumstances shown by this record, we are of the opinion that no reversible error appears.

█ Complaint is made of one instruction in which the preponderance of proof is said to be "that testimony which produces conviction in the unprejudiced minds of the jurors". Appellant relies upon the case of *Bowman* v. *Motor Transit Co.*, (Cal. App.) 279 Pac. 1014. A hearing in the Supreme Court was granted in that case and in the opinion therein, found in 208 Cal. 652 [284 Pac. 443], the contention here made is decided adversely to the appellants.

An objection is made to two other instructions which need not be referred to in detail, and in which we can find no error.

█ The only other point raised is that respondent's counsel committed reversible error in suggesting to the jury in his argument that the defendant city carried insurance. The only basis for this claim, as shown by the record before us, is the following quotation from this argument: "I didn't intend to touch upon this point, but Mr. Osborn brought it out so emphatically I couldn't pass it by. He says if you allow a judgment in this case, the taxpayers in this city are going to be levied upon for these damages. You know this same law was referred to in previous arguments in this action; the court will instruct you in cases of this kind that the city is entitled to cover themselves by insurance against these kinds of accidents."

It appears that this portion of the argument came as a reply to some exceedingly improper statements made by counsel for the appellants, to the effect that if the jury brought in a verdict for the plaintiff in this case, it would lead to other damage actions against the city and the taking of taxpayers' funds and turning them over to other people. While an improper statement by one counsel should not be met by an improper argument from opposing counsel, in our opinion, the situation presented does not warrant a reversal. While an inference could be drawn from the remark made that the defendant city carried insurance to

cover this sort of an accident, this inference is not one necessarily to be drawn. The direct statement is that the city is entitled to carry insurance, which, of course, is true of any defendant. While the remark should not have been made, it does not appear that the circumstances were such that any possible injurious effect could not be cured and the record shows that immediately afterward the court struck the statement from the record and ordered the jury to disregard it. It might well be said in this case as was said in *Bach* v. *C. Swanston & Son,* 105 Cal. App. 72 [286 Pac. 1097, 1100] : ''There is abundant authority to the effect that efforts of plaintiffs' counsel to get before the jury the fact that defendant is insured against loss are prejudicial and where the evidence is closely balanced justifies a reversal. However, in this case we do not feel that such a drastic result should follow, first, because the inference is not clear that the purpose in making said remarks was to get before the jury the fact that appellants were insured or that the jury so interpreted the said remarks, next, because the court promptly instructed the jury to disregard them and, lastly, because the evidence in this case, upon the issues involved, is by no means equally balanced, but, on the contrary, largely preponderates in favor of respondents.''

While some of the instructions as herein referred to contain matters that are not to be recommended, taken as a whole, the instructions fully and fairly set forth the law applicable in this case and after an examination of the entire record, including the evidence, we are not of the opinion that any errors complained of have resulted in a miscarriage of justice. While it may be true that the testimony of the appellant Doan, taken by itself, would have sustained a verdict in favor of the appellants, it is also true that the great preponderance of the evidence was in favor of the respondent. The evidence of a number of disinterested witnesses indicates that respondent's machine entered the intersection first; that it was traveling slower than the other car; and had almost passed through the intersection, with its front end either out or practically out of the same, when it was struck in the rear by the other automobile. Under the circumstances appearing, we are unable to feel that the verdict of the jury could reasonably

be attributed to any possible error in the instructions or in the argument.

The judgment appealed from is affirmed.

Marks, J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 28, 1933, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 1, 1933.