[Civ. No. 3621. First Appellate District, Division One.—January 26, 1921.]

## O. A. SINCLAIR, Respondent, v. PIONEER TRUCK COMPANY et al., Appellants.

[1] NEGLIGENCE—AUTOMOBILE COLLISION—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS.—In an action for damages for personal injuries resulting from a collision between an automobile operated by plaintiff and a truck of the defendants, where the court instructs the jury that if the plaintiff was negligent, and his negligence amounted to want of ordinary care, and contributed proximately to the injury, he cannot recover, such an instruction is sufficient.

[2] ID.—DEGREE OF CARE REQUIRED—INSTRUCTIONS.—In such an action, where the degree of care to be exercised by both parties is repeatedly stated to the jury, an instruction that "the contributory negligence which will bar recovery must be such as to establish that the plaintiff by failure to exercise the required amount of care proximately contributed to produce the injury complained of so that but for his concurring and co-operative fault the injury would not have happened," is not erroneous because of the failure of the court to define therein the phrase "required amount of care."

[3] ID.—ISSUES—BURDEN OF PROOF—INSTRUCTIONS.—Where the jury is familiar with the only really controverted issues in such action, namely, the negligence of the defendants and the contributory negligence of the plaintiff, and it is instructed to the effect that the duty is imposed upon the plaintiff to prove the allegations of his complaint by a preponderance of the evidence, and that any matter of defense pleaded by the defendants can be established only by a preponderance of the evidence, it is not error to refuse certain instructions proposed by the defendants advising the jury as to where the burden lies as to each of the issues, enumerating them.

[4] ID.—SPEED OF VEHICLES — CHARACTER OF DISTRICT — EVIDENCE — READING OF ACT TO JURY.—In this action for damages for personal injuries resulting from a collision at a given location in a particular city between an automobile operated by plaintiff and a truck of the defendants, although there was no evidence as to the nature of the district where the collision took place, the court did not commit prejudicial error in reading to the jury several of the provisions of the Motor Vehicle Act, including the provisions designating the maximum speed at which motor or other vehicles may be driven in various districts, a portion of which is that it shall be unlawful to drive such vehicles on any public highway where the territory contiguous thereto is closely built up at a greater rate of speed than twenty miles an hour, or in a business district of any incorporated city or county or town at a greater rate than fifteen miles an hour.

[5] ID.—CHARACTER OF STREET—JUDICIAL NOTICE.—Courts may in a proper instance take notice of the character, in some respects, of a street.    (Opinion of supreme court on denial of hearing.)

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge. Affirmed.

The facts are stated in the opinion of the court.

Warren E. Libby for Appellants.

Chester C. Kempley for Respondent.

KERRIGAN, J.—This is an appeal by defendants from a judgment in favor of the plaintiff in an action for personal injuries sustained by reason of the alleged negligence of defendants, from which resulted a collision between an automobile operated by plaintiff and a truck driven by defendant Avery, an employee of his codefendants, at the

intersection of Tenth and B Streets, in the city of San Diego.

The sole point urged by the appellants relates to the giving or refusing of instructions to the jury. [1] The defendants requested the court to instruct the jury as follows: "If the jury believe from the evidence that the plaintiff by his own negligence directly contributed *in any degree* to the injury sued for, they will find for the defendants." The court gave substantially this instruction and several others on the subject of contributory negligence, omitting from each of them, however, the words "in any degree" included in the proposed instruction. It is urged that the court's refusal to thus emphasize the measure of any contributory negligence chargeable to the plaintiff was error sufficiently prejudicial to entitle the defendants to a new trial. This contention is not maintainable. It is true that in some of the cases cited by the appellants this phrase is used in connection with the legal effect of contributory negligence, but it is nowhere held that it is an essential qualification of such negligence, but adds emphasis only. Where, as here, the court instructs the jury that if the plaintiff was negligent, and his negligence amounted to want of ordinary care, and contributed proximately to the injury, he cannot recover, such an instruction is sufficient.

[2] In another instruction the jury were advised that "the contributory negligence which will bar recovery must be such as to establish that the plaintiff by failure to exercise the required amount of care proximately contributed to produce the injury complained of so that but for his concurring and co-operative fault the injury would not have happened." This instruction is claimed to be erroneous, for the reason that no attempt was made by the court to define the phrase "required amount of care"; but the degree of care to be exercised by both parties was repeatedly stated to the jury, consequently the criticism of this instruction is wholly without merit.

[3] The court refused to give defendants' proposed instructions 1 and 22, advising the jury as to where the burden lay as to each of the issues, enumerating them. Instead of adopting the language proposed the court instructed the jury generally to the effect that the duty

was imposed upon the plaintiff to prove the allegations of his complaint by a preponderance of the evidence, and that any matter of defense pleaded by the defendants could be established only by a preponderance of the evidence. It appears that the jury was familiar with the only really controverted issues in the case, namely, the negligence of the defendants and the contributory negligence of the plaintiff, so that the instructions given by the court on this subject were, we have no doubt, sufficient.

[4] In the course of the reading of the instructions to the jury the court read several of the provisions of the Motor Vehicle Act, [Stats. 1915, p. 397], including the provision designating the maximum speed at which motor or other vehicles may be driven in various districts, a portion of which is that it shall be unlawful to drive such vehicles on any public highway where the territory contiguous thereto is closely built up at a greater rate of speed than twenty miles an hour, or in a business district of an incorporated city or county or town at a greater rate than fifteen miles an hour. The court also read the provision of said act which defines the term business district as that portion of a highway which is mainly built up with structures devoted to business. While the collision occurred at 10th and B Streets, in said city of San Diego, there was no evidence in the case to indicate that this precise location is a business district, and, of course, courts do not take judicial notice of the character or condition of streets. The appellants contend that this instruction gave to the jury an opportunity which under the evidence they should not have had, namely, to find the defendants guilty of negligence if their automobile approached the point of collision at a rate of speed in excess of fifteen miles an hour. We can conceive of cases where such an instruction would properly be regarded as prejudicial, but here the court was reading the law generally applicable to the operation of motor or other vehicles, defining the rights and duties of those operating such vehicles, and fixing the speed limit in various districts, and, while it cannot be said that there was any evidence in the case making specially applicable to it the portion of the instruction complained of, still as it was only part of an instruction covering a much wider scope, the jury could not infer from

its mere inclusion therein that the point of the collision was a business district, so that it cannot be fairly claimed that they were misled by it.

The appellants complain of the court's action with reference to another instruction—one regarding the duty of operators of vehicles approaching the intersections of streets, asserting that an instruction on this subject requested by them was refused by the court. The record, however, fails to show any such request, and, on the other hand, does show that with the exception of one word the instruction in question was included in one which the court gave. When the record is examined as to this point the claim of the appellants appears to us to be quite hypercritical. We may say as to this, as well as every other feature of the case, that the jury were fully and fairly instructed as to the law, and could not have been misled.

The judgment is affirmed.

Richards, J., and Seawell, P. J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 24, 1921, and the following opinion then rendered thereon:

THE COURT.—The application for a hearing in this court after decision by the district court of appeal of the first appellate district, division one, is denied.

In denying the petition we desire to note, however, that the statement contained in the opinion of the district court of appeal that "of course courts do not take judicial notice of the character or condition of streets" is altogether too broad. [5] Courts may in a proper instance take notice of the character, in some respects, of a street. (See *Varcoe* v. *Lee*, 180 Cal. 338, [181 Pac. 223].)

All the Justices concurred.