[Civ. No. 4836.   Second Appellate District, Division One.—May 3,
1927.]

KATE POWER, Respondent, v. CROWN STAGE COM-
PANY et al., Appellants.

WILLIAM POWER, Respondent, v. CROWN STAGE
COMPANY et al., Appellants.

[1] NEGLIGENCE — AUTOMOBILE COLLISION — OBSTRUCTED VIEW — UN-
LAWFUL SPEED—EVIDENCE.—In these actions for damages for per-
sonal injuries suffered by plaintiffs, husband and wife, as the re-
sult of a collision between their automobile and a bus of the
defendant stage company, it appeared from the testimony of said
defendant's driver that he was guilty of negligence in driving at a
rapid rate of speed so close to another car ahead of him that his
view ahead was obstructed, so that when said car ahead slowed down
it was necessary for said driver to turn to the left in the path
of traffic traveling in the opposite direction when his car was
not under control, making it necessary for him to drive off
the highway on to the dirt on the wrong side of the highway,
where he collided with the car of plaintiffs.

[2] ID.—CONTRIBUTORY NEGLIGENCE—FAILURE TO STOP IMMEDIATELY—
IMMINENT DANGER.—Under such circumstances, plaintiff husband was
entitled to believe that the driver of defendant's bus would return
to the highway after passing the car ahead of it, and he was
under no obligation to make any attempt to stop his car until he
saw that a collision was imminent; and it could not be held that
plaintiff husband was guilty of contributory negligence in failing
to stop his car within a distance of less than twenty-five feet, as
he might have done, while defendant's bus was traveling off the
highway, on the wrong side thereof, a distance of sixty-five feet.

[3] ID.—IMPENDING PERIL—ORDINARY CARE.—One in great peril, when
immediate action is necessary to avoid it, is not required to exer-

———————

3.  Emergency rule as applied to automobile driver injured by col-
lision with another car, notes, 6 A. L. R. 685; 27 A. L. R. 1197.
See, also, 3 Cal. Jur. 841; 20 R. C. L. 134.

cise all that presence of mind and carefulness which are justly required of a careful and prudent man under ordinary circumstances.

[4] ID.—CONTRIBUTORY NEGLIGENCE — INFERENCES — EVIDENCE. — Contributory negligence is a question of law only when the court is impelled to say that from the facts reasonable men can draw but one inference and that an inference pointing unerringly to the negligence of the plaintiff contributing to his injury.

[5] ID.—INEXPERIENCED DRIVER.—Inexperience in driving an automobile in itself is not negligence.

[6] ID.—LAWFUL SPEED—INSTRUCTIONS.—In such an action, the trial court did not err in denying defendants' requested instruction "that at the time and place of the accident, the defendants were entitled to operate their bus, in so far as the speed is concerned, at the rate of 35 miles per hour," where, under the Motor Vehicle Act as it existed at the time, defendants were not entitled to operate their bus in excess of thirty miles per hour.

[7] ID.—LIMITATION OF SPEED—RECIPROCAL OBLIGATIONS.—Even though the statutory limitation of speed has not been exceeded, the rate of speed at which an automobile may be traveling may be held under some circumstances to be negligence; and in this action, it could not be said that the trial court laid stress upon defendants' alleged violation of the law without pointing out the reciprocal duties of the plaintiffs, where the instruction complained of stated that if either party violated the principles of law governing speed of automobiles as announced by the court, that party was guilty of negligence, and then stated that if defendants were guilty of negligence which proximately caused the injury defendants would be liable, unless plaintiffs were also guilty of some negligence proximately contributing to the injury.

[8] ID.—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE OF INJURY.— In such an action, it is not necessary that each instruction cover the whole case; and error may not be predicated upon an instruction to the effect that if plaintiff was negligent, and his negligence proximately contributed to the injury, he cannot recover, where in other instructions given negligence is defined as failure to use ordinary care and the jury is told that if the plaintiff was negligent and such negligence on his part directly and proximately contributed to the happening of the accident in any degree, however slight, he cannot recover.

[9] ID.—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE.—Where the instructions as a whole are such that no doubt could be left in

---

4. Contributory negligence as question for jury, note, 8 **Am. St. Rep.** 849. See, also, 3 **Cal. Jur.** 842; 19 **Cal. Jur.** 735; 20 **R. C. L.** 171.

7. See 3 **Cal. Jur.** 843.

the minds of the jury but that plaintiff could only recover for negligence of defendant proximately causing the injury, it will not be held that the jury was misled by the use in an instruction of the expression "proximately contributing to the injury" instead of the words "proximate cause."

[10] ID.—IMPUTED NEGLIGENCE—INSTRUCTIONS.—In these actions for damages for personal injuries suffered by plaintiffs, husband and wife, as the result of a collision between an automobile being driven by the husband and a bus of the defendant stage company, defendants' requested instruction on the subject of imputed negligence should very properly have been given and it was error to refuse it; but such error was not prejudicial where the separate actions of the husband and the wife were tried at the same time, before the same judge, and on the same evidence, and the jury was instructed, in language applicable to both cases, that if plaintiff was negligent, there could be no recovery.

[11] ID.—IMMINENT DANGER—INSTRUCTIONS.—In such actions, the evidence having shown that plaintiffs were in a position of imminent danger, they were entitled to a proper instruction on that subject; and the court was not required to limit the situation of danger with which plaintiffs were confronted as being brought about through the negligence of the defendants, and extend to defendants the benefit of imminent danger created by any person, including plaintiffs.

[12] ID.—JOINT AND SEVERAL LIABILITY—VERDICT—JUDGMENT—CLERICAL ERROR.—Where the verdicts rendered by the jury in favor of the plaintiffs were general in form, and applied equally to both defendants, the act of the clerk in entering judgments against the defendant stage company only, and not against the defendant driver, did not render the judgments void; and such judgments were subject to amendment by the trial court at any time in such manner that they should properly designate both defendants, and, in any event, the liability of the defendant stage company and its driver was joint and several, and the error in

---

10. Husband's negligence, whether imputable to wife injured while riding with husband, notes, Ann. Cas. 1912A, 647; Ann. Cas. 1915A, 764; 14 L. R. A. 733. See, also, 3 Cal. Jur. 859; 20 R. C. L. 151, 160. Automobile driver's negligence as imputable to occupant, notes, 19 Ann. Cas. 1225; Ann. Cas. 1916E, 368; Ann. Cas. 1918B, 241; Ann. Cas. 1918C, 961; L. R. A. 1915B, 953. See, also, 3 Cal. Jur. 848; 2 R. C. L. 1207. Negligence of driver of vehicle whether imputable to his passenger, notes, 23 Am. Rep. 4; 54 Am. Rep. 135; 57 Am. Rep. 488; 110 Am. St. Rep. 291; 3 Ann. Cas. 703; 9 Ann. Cas. 408, 938; Ann. Cas. 1916E, 685; 8 L. R. A. (N. S.) 597; L. R. A. 1915A, 761. See, also, 20 R. C. L. 164.

the omission of the defendant driver from the judgment was clearly within the provisions of section 475 of the Code of Civil Procedure and section 4½ of article VI of the constitution.

---

(1) 42 C. J., p. 1236, n. 37.    (2) 42 C. J., p. 944, n. 90.    (3) 42 C. J., p. 891, n. 95; 29 Cyc., p. 521, n. 43.    (4) 42 C. J., p. 1264, n. 71; 29 Cyc., p. 631, n. 54.    (5) 42 C. J., p. 898, n. 5.    (6) 42 C. J., p. 1275, n. 91.    (7) 42 C. J., p. 925, n. 69; 38 Cyc., p. 1676, n. 71.    (8) 38 Cyc., p. 1785, n. 90.    (10) 4 C. J., p. 1048, n. 76. (11) 42 C. J., p. 1284, n. 63.    (12) 4 C. J., p. 1176, n. 46; 33 C. J., p. 1175, n. 75; 34 C. J., p. 238, n. 15.

APPEALS from judgments of the Superior Court of Los Angeles County. Charles Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. I. Gilbert and B. P. Gibbs for Appellants.

John L. Richardson and T. E. Parke for Respondents.

McLUCAS, J., *pro tem.*—This is an appeal from a judgment in the sum of $2,033 in favor of the plaintiff Kate Power and against the defendant Crown Stage Company; also an appeal from a judgment in the sum of $2,000 in favor of the plaintiff William Power and against the defendant Crown Stage Company.

Plaintiff Kate Power brought an action against the defendants Crown Stage Company and C. Parks for damages in the sum of $10,000 for injuries, and special damages in the sum of $33 for injuries and damages alleged to have been received by her through the negligence of C. Parks, an agent and employee of defendant Crown Stage Company. The jury returned a verdict for plaintiff in the sum of $2,033. Plaintiff William Power brought an action against the defendants Crown Stage Company and C. Parks for damages in the sum of $10,000 for injuries, and special damages in the sum of $721.85 for injuries alleged to have been received by him through the negligence of C. Parks, an agent and employee of defendant Crown Stage Company, and $1,000 for loss of services of his wife Kate Power. The jury returned a verdict for the plaintiff in the sum of $2,000.

The answers of defendants specifically deny the allegations of negligence contained in the complaint; and as a further defense allege, in the case of William Power: "That defendant Parks was driving and operating said motor bus carefully and prudently along the proper side of the boulevard, when suddenly and without warning, a machine with human beings therein stopped with such abruptness that, in order to avoid a collision with said automobile and to avoid injuring the persons therein, and to avoid injuries to the defendant's passengers, it became necessary for said defendant to swerve his car to the left, and that the plaintiff was then driving and operating his said Chevrolet car east on Telegraph road at a high and dangerous rate of speed, to-wit, at a speed in excess of thirty miles per hour; that he was keeping an insufficient lookout for traffic ahead of him upon the highway, and was not exercising ordinary care or any care in the operation of his said Chevrolet automobile, all of which was negligently done, and said negligence directly and proximately contributed to the happening of the accident in question." Similar allegations are in defendants' answer in the case of Kate Power. Both of these actions were tried at the same time, before the same jury, and on the same evidence; and judgments rendered thereon as above stated.

On the second day of September, 1922, defendant Crown Stage Company was operating an autobus on Telegraph road, a public highway running between Los Angeles and Santa Fe Springs. The paved portion of Telegraph road was 20 feet wide and the dirt portion of the highway between the pavement and the fence was 12 feet wide. Defendant C. Parks, the driver, was operating the bus in an easterly direction and traveling at a rate of speed between 25 and 40 miles per hour, following a Ford automobile at a distance of between 3 and 30 feet. The Ford swerved to the left in order to pass a Buick automobile which was either standing or backing up on the highway. The bus turned abruptly to the left of the Ford, departed from the paved portion of the highway on to and across the unpaved portion on the northerly side thereof, and came into collision with the plaintiff's automobile at or near the fence bordering the highway, where both cars stopped. The bus driver testified that he did not see any obstruction ahead until the

Ford car swerved to the left on to the center of the road and almost stopped, when he saw the Buick car backing up; that he saw a Chevrolet coming toward him, turned abruptly to the left and went straight across the road into the fence, where the Chevrolet collided with his car on the right front wheel and fender; that he turned across the highway to avoid a collision with the Ford and the Buick. Plaintiff William Power was driving a Chevrolet in a westerly direction at a speed of about 15 miles per hour. He testified that he first saw the approaching bus at a distance of 130 to 140 feet, when it turned to pass the Ford, at a speed of 35 or 40 miles per hour, and left the highway; that at the same time he turned to the right, off from the paved portion of the highway, at a point about 90 feet distant from the bus, slowed down and came almost to a stop on the dirt portion of the highway within a distance of 25 feet, when his automobile was struck on the left front portion by the right front wheel of the bus and carried for a distance of 7 or 8 feet to the fence; that he could have stopped his automobile within a distance of less than 25 feet, but that it would have been directly in the path of the oncoming bus.

Although the evidence was in conflict in many particulars, the record discloses sufficient evidence to support the verdict of the jury, unless there was contributory negligence on the part of the plaintiff. [1] It appears from the bus driver's own testimony that he was guilty of negligence in driving at a rapid rate of speed so close to the Ford car that his view ahead was obstructed, so that when the Ford slowed down it was necessary for him to turn to the left in the path of the west-bound traffic when his car was not under control, making it necessary for him to drive clear off the highway on to the dirt on the wrong side of the highway. [2] Under such circumstances, it cannot be held that plaintiff William Power was guilty of contributory negligence in failing to stop his car within a distance of 25 feet while the bus was traveling off the highway a distance of 65 feet. The plaintiff William Power was entitled to believe that the driver of the bus would return to the highway after passing the Ford car, and was under no obligation to make any attempt to stop his car until he saw that a collision was imminent. If he had attempted to pass to the left of the bus, he

might then have been charged with negligence in attempting to pass on the wrong side, had a collision occurred, even though a prudent driver might under certain circumstances be justified in turning to the left. He was in a position of imminent danger and would not be held to the same degree of care as under ordinary conditions. [3] One in great peril, when immediate action is necessary to avoid it, is not required to exercise all that presence of mind and carefulness which are justly required of a careful and prudent man under ordinary circumstances. (*Tousley* v. *Pacific Electric Ry. Co.*, 166 Cal. 457 [137 Pac. 31].) [4] Contributory negligence is a question of law only when the court is impelled to say that from the facts reasonable men can draw but one inference and that an inference pointing unerringly to the negligence of the plaintiff contributing to his injury. (*Reaugh* v. *Cudahy Packing Co.*, 189 Cal. 335 [208 Pac. 125].) Whether plaintiff William Power was guilty of contributory negligence was a question of fact to be determined by the jury under all the circumstances of the case. In *Shupe* v. *Rodolf*, 185 Cal. 371 [197 Pac. 57], it is said: "But the question in the case is not whether the plaintiff could have turned farther to the right and have avoided the collision, but whether, assuming that he could, his failure to do so was necessarily due to lack of reasonable care to avoid the impending collision. The two things are not the same. It may be that the plaintiff, if he had turned more quickly to the right, might have avoided the collision. It may also be that he could have avoided it by turning to the left. The point is that when the defendants' car started to turn to the left, the plaintiff was confronted with a situation of imminent danger requiring instant action, and there may have been no negligence on his part in taking the action he did, although if he had done something else he would have escaped. As was said in *Karr* v. *Parks*, 40 Cal. 188, 193, "it would be absurd to hold that even an adult person, in time of imminent danger, is negligent, unless he takes every precaution that a careful calculation afterward will show he might have taken.' Whether under the circumstances here presented the plaintiff did what he reasonably could to avoid the collision is very apparently a question about which there might be a reasonable difference of opinion. Such being the case, the answer to the question

was exclusively within the province of the jury and we cannot disturb their conclusion." [5] Plaintiff William Power was at no time guilty of negligence as a matter of law in the operation of his automobile, although the record discloses the fact that he had driven a total distance of only 491 miles. Inexperience in itself is not negligence. If this were true, all persons learning to drive automobiles would be guilty of negligence in attempting to operate them. An act of negligence may be committed by an experienced as well as by an inexperienced automobile driver.

Appellants assert that the trial court committed error in giving and refusing certain instructions. [6] Appellants requested the following instruction, which was refused except as given in other instructions: "You are instructed that at the time and place of the accident, the defendants were entitled to operate their bus, in so far as the speed is concerned, at the rate of 35 miles per hour, and upon the question of speed considered alone, I instruct you that it was not negligence for the defendants to operate their car at 35 miles per hour." Appellants' requested instruction was not a correct statement of the law as applied to the facts in this case. Under the Motor Vehicle Act as it existed at that time defendants were not entitled to operate their bus in excess of 30 miles per hour, "except in the daytime and except when . . . there is no person, vehicle or other object visible ahead on such highway . . . within four hundred feet . . . " (Stats. 1919, p. 220.) Under the evidence the conditions which existed at the time of the accident did not permit a speed of more than 30 miles per hour. In lieu of the above instruction, the court gave the following: "Any person operating or driving a motor or other vehicle upon a public highway shall operate or drive the same in a careful and prudent manner, at a rate of speed not greater than is reasonable and proper, having regard to the traffic and use of the highway; and no such person shall operate or drive a motor vehicle or other vehicle upon the public highway at such a rate of speed as to endanger the life or limb of any person or the safety of any property. Now, it is true that in this case there is no question but that the limit at the place in controversy was 35 miles an hour; but the fact that that is the limit does not necessarily mean that anybody going at that speed un-

der all circumstances is careful, because, as I have just read
to you, regardless of the limit, every person operating or
driving a motor or other vehicle upon the public highway
shall operate and drive the same in a careful and prudent
manner, and at a rate of speed not greater than is reason-
able and proper, having regard to the traffic and use of the
highway; and no person shall operate or drive a motor
vehicle or other vehicle upon a public highway at such a
rate of speed as to endanger the life or limb of any person
or the safety of any property. So that if either one of
these parties was violating that provision of the law, that
party was guilty of negligence, and if the defendant vio-
lated that provision of the law, it was negligence, and that
negligence was the proximate cause of the injury, then the
defendant would be liable, unless the plaintiff was also
guilty of some negligence proximately contributing to the
injury.'' [7] Even though the statutory limitation of
speed has not been exceeded, the rate of speed at which an
automobile may be traveling may be held under some cir-
cumstances to be negligence. (*Reaugh* v. *Cudahy Packing
Co., supra.*) We cannot agree with appellants' contention
that the instruction laid stress upon defendants' alleged vio-
lation of the law without pointing out the reciprocal duties
of the plaintiff. The instruction specifically stated that if
either party violated these provisions of the law, that party
was guilty of negligence; and then stated that if defendants
were guilty of negligence which proximately caused the in-
jury, defendants would be liable, unless plaintiff was also
guilty of some negligence proximately contributing to the
injury. ''Some negligence'' on the part of the plaintiff
could only refer to the negligence defined in this and other
instructions. The instruction did not lay stress upon the
speed of appellants' driver, but rather was a general state-
ment of the law as applied to both parties. In a previous
instruction the court said: ''If you should determine that
the defendant's driver was not negligent, that ends the case
and you don't have to go any further. If you determine
that the driver was negligent, then you must also deter-
mine whether the plaintiff, driving his own machine, Mr.
Power, whether he was guilty of any negligence which
proximately contributed to the injury. If he was, not-
withstanding that you find that the defendant is guilty of

negligence—if you find that the plaintiff was guilty of negligence, then there can be no recovery, because if both parties are negligent, if there is mutual negligence, there can be no recovery by either party. If the defendant is negligent and the plaintiff is guilty of negligence, no matter how slight, which proximately contributes to the injury, there can be no recovery, because you have no right to compare the negligence of one with the other. If both are negligent, without reference to the degree of negligence, there can be no recovery."

Appellants requested the following instruction: "You are instructed that the duty was upon the plaintiffs at all times to operate their automobile with ordinary care and with due regard for other traffic upon the road, and if they saw, or by the exercise of ordinary care could have seen, that the traffic at the point of impact was becoming congested, then it was their duty to slow up or do such other things as would have been reasonably necessary to a prudent person in order to avoid being confronted with danger, and if they failed to do this, that failure was negligence, and if such negligence directly and proximately contributed to the happening of the accident in any degree, however slight, your verdict will be for the defendant notwithstanding the fact you may believe that the defendants were guilty of negligence at the time and place of the accident."

Instead of the foregoing, the court gave the following instruction:

"It was the duty of both parties at all times to operate their machines with ordinary care and with due regard to other traffic upon the road; and if they saw, or by the exercise of ordinary care could have seen, that the traffic at the point of impact was becoming congested, then it was their duty to slow up or to do such other things as would have been reasonably necessary to a prudent person in order to avoid becoming confronted with danger. If they failed to do this, their failure was negligence.

"If the plaintiff was negligent in that respect, and his negligence proximately contributed to the injury, he cannot recover; and if the defendant was negligent in that respect, and that negligence proximately contributed to the injury, and the plaintiff was not negligent, then the plaintiff can recover."

[8]   Appellants urge in respect to the second paragraph of the foregoing instruction that the court failed to instruct the jury with regard to the degree of negligence that would prevent plaintiff from recovering. It is insisted that the following language should have been used by the court: "If the plaintiff was negligent in that respect and such negligence on his part directly and proximately contributed to the happening of the accident in any degree, however slight," he cannot recover. The equivalent of this suggested instruction had previously been given by the court and is quoted *supra*. In *People* v. *Mohammed,* 189 Cal. 429 [208 Pac. 963], it is said that the fact that each instruction does not cover the whole case does not make such instruction erroneous, if the instructions as a whole do so. In view of all the instructions given by the court, we cannot agree with appellants' contention that comparative negligence might have been made by the jury in favor of the respondents to the prejudice of appellants. In *Sinclair* v. *Pioneer Truck Co.,* 51 Cal. App. 174 [196 Pac. 281], the court said: "The sole point urged by appellants relates to the giving or refusing of instructions to the jury. The defendants requested the court to instruct the jury as follows: 'If the jury believe from the evidence that the plaintiff by his own negligence directly contributed *in any degree* to the injury sued for, they will find for the defendants.' The court gave substantially this instruction and several others on the subject of contributory negligence, omitting from each of them, however, the words 'in any degree' included in the proposed instruction. It is urged that the court's refusal to thus emphasize the measure of any contributory negligence chargeable to the plaintiff was error sufficiently prejudicial to entitle the defendants to a new trial. This contention is not maintainable. It is true that in some of the cases cited by the appellants this phrase is used in connection with the legal effect of contributory negligence, but it is nowhere held that it is an essential qualification of such negligence, but adds emphasis only. Where, as here, the court instructs the jury that if the plaintiff was negligent and his negligence amounted to want of ordinary care, and contributed proximately to the injury, he cannot recover, such an instruction is sufficient." Appellants point out that in the present case the court in its instruction did not use

the qualifying term "(plaintiff's) negligence amounting to a want of ordinary care," as was used in the above instruction, and for that reason urge that the instruction here does not come within the language quoted from that instruction. However, in the case at bar, negligence was defined by the court in another instruction as failure to use ordinary care. This, of course, applied to both the plaintiffs and the defendants. Also in the first part of the above instructions given in the instant case the court said it was the duty of both parties at all times to operate their machines with ordinary care.  [9]  Appellants particularly object to the italicized portion of the foregoing instruction, as follows: "And if the defendant was negligent in that respect, and *that negligence proximately contributed to the injury,* and plaintiff was not negligent, then the plaintiff can recover." (Italics ours.)  It is urged that the above is an incorrect statement of the law and is misleading to the jury and prejudicial error for the reason that the words "proximate cause of the injury" should have been used when referring to the defendants' negligence.  It may be conceded that the words "proximate cause" should have been used in this instruction, but we do not think the use of the words "proximately contributing to the injury" was misleading to the jury, as the court in other instructions had said to the jury "that the burden of proof is upon the plaintiff not only to prove that defendant was negligent, but that that negligence was the proximate cause of the injury"; and in referring to the provisions of the Motor Vehicle Act the court said: "If the defendant violated that provision of the law, it was negligence, and if that negligence was the proximate cause of the injury, then the defendant would be liable."  Thus no doubt was left in the minds of the jury but that plaintiff could only recover for negligence of defendant proximately causing the injury.

[10]  The court refused the following instruction, except as given in other instructions, and no other instruction was given on imputed negligence: "You are instructed that this is an action prosecuted both by the husband and the wife. The undisputed testimony of the plaintiff is that the husband was driving the car at the time and place of the accident. Under the law of this state the negligence of the husband is imputed to the wife.  That is to say, that if the husband,

in law and in fact, was guilty of negligence, then the wife, in law and in fact, was guilty of negligence, and if the negligence of the husband, the driver of the car, directly or proximately contributed to the happening of the accident, in any degree, however slight, your verdict will be for the defendants notwithstanding the fact you may believe that the defendants themselves were guilty of negligence at the time and place of the accident.'' This instruction should very properly have been given and it was error to refuse it. (*McFadden* v. *Santa Ana etc. Ry. Co.*, 87 Cal. 464 [11 L. R. A. 254, 25 Pac. 681]; *Dunbar* v. *San Francisco Oakland T. Railways*, 54 Cal. App. 15 [201 Pac. 330].) However, we do not regard the error as prejudicial, for the reason that both cases were tried at the same time, before the same judge, and on the same evidence, and it was so stipulated. The jury was repeatedly instructed that if plaintiff was guilty of contributory negligence no recovery could be had. The jury was instructed: ''If you determine that the driver was negligent, then you must also determine whether the plaintiff driving his own machine, Mr. Power, was guilty of negligence—if you find that the plaintiff was guilty of negligence, then there can be no recovery.'' Necessarily this instruction applied to both cases. The jury returned a verdict in favor of plaintiff William Power, and therefore found that he was not guilty of contributory negligence. If there was no contributory negligence on the part of the husband, William Power, then there was none such to be imputed to the plaintiff Kate Power.

[11] Appellants argue that respondents were not entitled to instructions on the theory of imminent danger, but that if so entitled, the instruction so given was erroneous, improper, and prejudicial to defendants. We have before indicated that the testimony shows that plaintiffs were in a position of imminent danger. It therefore follows that respondents were entitled to a proper instruction on that subject. The court instructed the jury that if they found ''that the plaintiff while in the exercise of ordinary care was suddenly confronted with danger, not brought on by his own negligence,'' etc. Appellants object to the words ''not brought on by his own negligence,'' for the reason that the instruction does not limit the situation of danger with which plaintiffs were confronted as being brought about through the negligence of

defendant C. Parks. In support of their contention, appel-
lants cite *Howard* v. *Worthington,* 50 Cal. App. 556 [195
Pac. 709]. It is true that the court in this case said: "It
will be observed that in stating this rule with reference to
the plaintiff Howard the court, very correctly, gave him the
benefit thereof only in the event that he was confronted with
danger caused through the negligence of the defendant.
But in specifying the duty of the defendant's driver, the
court gave defendant the benefit of this rule, if confronted
with sudden danger, without the limitation that it must
have been caused through the negligence of the plaintiff.
It is not questioned that the rule should have been applied
alike in both instances." In that case there was no evi-
dence of negligence committed by third persons. Under
such circumstances the court very properly criticised the
instruction because the rule was not applied alike to both
parties, and for the further reason that under the instruction
as given, defendant would have the benefit of the rule of
imminent danger, even though the emergency was created by
defendant's own negligence. In the instant case the rule of
imminent danger was applied to the defendant in language
similar to that used in the instruction from which we have
just quoted. Appellants argue that a different rule should
apply to the defendant than to the plaintiff; that is to say,
appellants contend that in applying the imminent danger
rule the defendants should have the benefit of imminent
danger created by any person, including the plaintiff; but
that plaintiff should have the benefit of imminent danger
created by the acts of defendant C. Parks alone. We cannot
agree with this contention. The same rule should apply to
both parties. In *County of Alameda* v. *Tieslau,* 44 Cal.
App. 332 [186 Pac. 398], the plaintiff was given the benefit
of the imminent danger rule even though the acts causing
the danger were done by third persons. At all events, in
the case at bar there was evidence sufficient to support the
verdict of the jury that defendant's negligence was the
proximate cause of the injuries to plaintiffs.

[12] The jury returned verdicts in favor of the plain-
tiffs, but the clerk entered judgment against the defendant
Crown Stage Company only, and not against defendant
C. Parks. Appellants contend that the judgments are void
for this reason. In support of their argument appellants

cite the cases of *Thompson* v. *Southern Pacific Co.*, 31 Cal.
App. 567 [161 Pac. 21], and *Bradley* v. *Rosenthal*, 154 Cal.
420 [129 Am. St. Rep. 171, 97 Pac. 875], holding that
where recovery is sought based upon the act or omission of
an agent which the principal did not direct and in which he
did not participate, an acquittal of the agent of negligence
is an acquittal of the principal. Also, the case of *Doremus*
v. *Root*, 23 Wash. 710 [54 L. R. A. 649, 63 Pac. 572], where
the verdict was silent as to the agent. These cases are not
in point. In the instant case the verdicts neither acquitted
the agent, nor were they silent as to the agent while
speaking as to the principal. The verdicts were general in
form and applied equally to both of the defendants. They
read as follows:

"We, the jury, in the above entitled action, find for the
plaintiff Kate Power and assess the damages in the sum of
two thousand and thirty-three dollars ($2033), this 14th
day of June, 1923.

"FRANK G. SPRAKE, Foreman."

A similar verdict was returned in favor of the plaintiff
William Power.

The judgment reads as follows: "Wherefore, by virtue of
the law, and by reason of the premises aforesaid, it is or-
dered, adjudged and decreed that said plaintiff Kate Power
have and recover from said defendant, Crown Stage Com-
pany, the sum of two thousand and thirty-three dollars
($2,033), together with her costs and disbursements incurred
in this action, amounting to the sum of 38 & 25/100 dol-
lars." A similar judgment was entered in favor of the
plaintiff William Power. While judgments should have
been entered against both defendants, it does not follow
that the judgments as entered against the Crown Stage
Company only are void. The liability of principal and
agent was both joint and several. Such error in the judg-
ment may be amended by the trial court at any time in such
manner that it should properly designate both defendants,
provided the amendment does not affect the substantial rights
of the defendants, but consists of a clerical mistake appear-
ing on the face of the record. (*Boust* v. *Superior Court,*
162 Cal. 343 [122 Pac. 956].) In the present case such
amendment would not affect the substantial rights of either
defendant and would consist in the rectifying of a clerical

mistake appearing on the face of the record. Appellants have not been prejudiced by the omission of one of the defendants from the judgment, and the error is clearly within the provisions of section 475 of the Code of Civil Procedure, where it is specified that no judgment shall be reversed by reason of any error unless such error was prejudicial, and that by reason of such error substantial injury was sustained by the appealing party. "No judgment shall be set aside, . . . for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." (Const., art. VI, sec. 4½.) We have examined the entire cause, including the evidence, and are not of the opinion that the error complained of has resulted in a miscarriage of justice.

There being no prejudicial error, it is ordered that the judgments be affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 30, 1927.