### Thomas Neary, Administrator (Estate of Josefa Samborski) v. Walter Samborski

Superior Court · New Haven County · File No. 19062
at Waterbury

Memorandum filed May 1, 1951.

*Joseph N. Perelmutter,* of Seymour, for the Plaintiff.

*Reilly and Reilly,* of New Haven, for the Defendant.

CULLINAN, J. The defendant, a novice as an automobile driver, obtained his first operator's license from the Connecticut motor vehicle department on August 21, 1950, after twelve hours practice under instruction, the lessons having been confined to a machine with a conventional gear shift. Within a month, the defendant purchased a 1950 Oldsmobile sedan with its hydromatic drive and some days later, while returning from his initial excursion in the machine, figured in a slight collision. Thereafter the automobile remained undriven until the morning of Sunday, November 25, 1950, when Samborski, in an effort to perfect himself as a driver, decided to operate the vehicle in the rear yard of property owned jointly by himself and his wife at 59 Rubber Avenue, Naugatuck.

With a normal and wifely interest in the proceedings, the decedent, Josefa Samborski, stood about the yard as her husband practiced his driving and maneuvered the automobile in forward and reverse directions. At the conclusion of the Sunday morning experimental period, the defendant determined to drive his machine into the one-car garage on the property, a feat which he had never before attempted or executed. Continuing her interest, Mrs. Samborski stationed herself at an open door at the rear of the garage and from that vantage point and while remaining on the exterior of the building, attempted to guide her husband as he drove the car in the front entrance of the garage.

While the parties were thus situated, with the defendant at the driver's wheel and his wife at the outside rear of the building motioning him forward and saying, "A little bit more; a little bit more," Samborski, as an inexperienced and unskilled driver, suddenly and without warning, accelerated the speed of the vehicle to plunge it through the rear wall of the garage, thus pinning his wife between the front of the machine and the rear of their house. Virtually every bone of Mrs. Samborski's pelvic structure was fractured; she suffered severe traumatic shock and internal hemorrhage; and she died within a matter of hours at the Waterbury Hospital.

The force of the impact may be gathered from the fact that the car not only ripped out the rear wall of the garage but in its forward rush hurdled a four by six-inch timber which ran along the floor for the entire width of the building. Thereafter the automobile traveled four feet two inches from the rear wall

of the garage to the rear of the house and tore a six-inch hole in the dwelling. The tragic incident was caused by the defendant's inexperienced handling of a machine with which he was almost wholly unfamiliar and by his unskilled and sudden and unwarranted acceleration of the vehicle.

While the driving inexperience of Samborski, in and of itself, cannot be said to have been negligence; *Power* v. *Crown Stage Co.;* 82 Cal. App. 660, nonetheless, in practical application, if the driver of an automobile lacks ordinary skill in the operation of that machine, it is lack of ordinary or reasonable care to attempt to drive it and such an attempt may constitute an element to be relied upon to sustain a judgment against him for injuries. *Arnold* v. *San Francisco-Oakland Terminal Rys.*, 175 Cal. 1; *Gorczynski* v. *Public Service Interstate Transportation Co.*, 5 N. J. Super. 191; *Navailles* v. *Dielmann,* 124 La. 421; *People* v. *Waxman;* 232 App. Div. (N. Y.) 90.

In attempting to appraise Samborski's conduct with a view to assessing civil responsibility for the fatality, it is fundamental that the existence or nonexistence of negligence ordinarily depends upon whether the actor moved as would a reasonably prudent man under the same or similar circumstances. *Montambault* v. *Waterbury & Milldale Tramway Co.*, 98 Conn. 584. The standard of care expected of a reasonably prudent operator never changes, although the degree of care may vary with the circumstances. *Matulis* v. *Gans,* 107 Conn. 562; *Heimer* v. *Salisbury,* 108 Conn. 180.

Having these basic principles in mind I think there is no question but that Samborski's conduct constituted actionable negligence. He lacked personal and experimental knowledge of the dangerous instrumentality which he was handling, yet he continued its operation and elected, by way of increasing his burden, to maneuver it into a small one-car garage without expert assistance or direction. His wife was on the ground, a fact known to him, and was stationed at the rear of the garage, in his full view, when he began to enter the garage. Unskilled and untutored and inadequate as he was in the operation of his machine, the situation, with his wife obviously present and exposed to danger, required a very high degree of care which was manifestly absent as he accelerated the machine and failed to apply brakes or to turn the ignition key to an "off" position to halt forward motion.

With the actors in their relative positions, the defendant should have anticipated that harm of the general nature of that suffered was likely to result. The test of foreseeability does not require that one must actually have foreseen the probability of harm or that a particular injury which resulted was foreseeable; merely that harm of the general nature of that suffered was likely to result. *Figlar* v. *Gordon,* 133 Conn. 577.

The defenses of contributory negligence and assumption of risk are unavailing, since the decedent, acting as a reasonably prudent person, was put in a perilous position by the negligence of her husband, and in no way contributed to her own death. She was stationed at a point where she had a perfect right to be and the fact that she remained, at all times, on the exterior of the garage gives evidence of care for her own safety. *Smirnoff* v. *McNerney,* 112 Conn. 421. Likewise, one is entitled to assume that another will exercise proper care until he perceives that the other is not doing so, and he does not assume the risk that another will by some sudden act or omission subject him to danger. *Freedman* v. *Hurwitz,* 116 Conn. 283, 288.

The decedent, fifty-six years of age with a life expectancy of eighteen and one-half years, enjoyed a happy and congenial home life and partnership with an industrious and stable husband. For some eight or nine years before her death she had operated a rooming house at the Rubber Avenue address with an average of five roomers and had been able to perform all household chores incidental to that business. She was an active woman who worked her own garden, painted about the property and from time to time, as occasion demanded, was able to chop and cart wood for family use. To be sure, she had been the subject of surgery on two occasions and was preparing to submit to a third operation for a tumor, but her health, generally speaking, was average.

During their married life, Mr. and Mrs. Samborski, parents of an adult son, were able to accumulate $14,000 in joint savings, the Rubber Avenue property, which was unmortgaged and reasonably worth $15,000, and a property on Main Street, Naugatuck, unmortgaged and reasonably worth $15,000. These accumulations represented industry and effort and thrift on the part of the decedent and her husband. She participated in the creation of this estate through factory work in the early married years, through the rooming house operation in later years, and through prudent management of her household.

Within the rule of damages enunciated in *Chase* v. *Fitzgerald*, 132 Conn. 461, $11,000 represents a reasonable and fair award.

Accordingly, judgment may enter for the plaintiff to recover of the defendant damages of $11,000.